WOLFORT, *Surviving Partner*, v. REILLY, *Executrix,*
*Appellant.*

133    463
96a ¹298

Division Two, March 17, 1896.

1. **Administration**: PARTNERSHIP ESTATE: SURVIVING PARTNER AS
ADMINISTRATOR: USE OF MONEY OF ESTATE: INTEREST. A surviving
partner who administered upon the partnership estate, and during
the first year of his administration used the money of the estate in
his own business, should be charged with interest on the sums used,
at the rate of six per cent per annum, from the different times he
received them to the time of his first settlement, and the probate
court has no discretion to relieve him from payment of the interest,
under the provisions of Revised Statutes, 1889, section 224, declaring
that where executors and administrators loan the deceased's money,
or "use it for their own private purpose, they shall pay interest there-
on to the estate."

2. ———: PAYMENT OF INTEREST BY ADMINISTRATOR: DISCRETION OF
PROBATE COURT. Whether an administrator should be charged with
interest on money in his hands belonging to the estate under his care
should, in many instances, be determined by the circumstances of
each case, and rests, to some extent, in the discretion of the court,
as in cases where the administrator should have employed the funds
and did not.

3. ———: PARTNERSHIP ESTATE: ALLOWANCE TO ADMINISTRATOR OF
ATTORNEY'S FEES, ETC.: DISCRETION OF COURT: APPEAL. Where a
partnership estate amounts to about $170,000, and there was a large
number of accounts outstanding and bills unpaid, the allowance to
the surviving partner, as administrator of the estate, of attorney's
fees, sums paid a bookkeeper, a person to look after the assessment
of the property, and for special services of the administrator during
the last two years of the administration, was a matter for the consid-
eration of the probate and circuit courts, and will not be disturbed
on appeal, where there is nothing to show an abuse of discretion.

4. ———: ———: TENDER BY ADMINISTRATOR: APPEAL TO CIRCUIT
COURT: ALLOWANCE OF INTEREST. Where, on the final settlement of
a surviving partner as administrator of the partnership estate, the
sum found by the probate court to be due the deceased partner's
estate was tendered the latter's executrix and refused by her, and on
appeal to the circuit court such sum was increased, the partnership

administrator should be charged with interest on the amount tendered from the date of the tender to the hearing in the circuit court, provided he used it as his own, or could have loaned it and failed to do so; otherwise he is not liable for interest.

5. ——: ——: ——: ——: ——. The tender, to have stopped the running of interest, should have been for the full amount, and the executrix of the deceased partner was under no obligation to accept a less sum.

6. Judgment, Satisfaction of: PROSECUTION OF APPEAL: PRACTICE. A party can not receive satisfaction of a judgment in his own favor and thereafter prosecute an appeal from the same judgment, in the hope of obtaining a more satisfactory one; and the acceptance of an amount tendered on final settlement in the probate court precludes the party so accepting from the right of appeal.

7. Administration: PARTNERSHIP ESTATE: SURVIVING PARTNER AS ADMINISTRATOR: ALLOWANCE OF COUNSEL FEES. Where a surviving partner administered on the partnership estate and his management of it, considering the amount involved, was successful and free from fraud and advantage to himself, other than the use of the funds of the estate for the first year, it was not error to allow him counsel fees for defending exceptions to his final settlement in the probate and circuit courts.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

REVERSED AND REMANDED.

*Jas. P. Maginn* and *M. McKeag* for appellant.

(1) The court below should have charged the surviving partner with interest from the different times he received the money which was not needed to pay liabilities of the firm, up to the time that the first settlement was due, as it appears from the evidence that he used the funds in his business. The court should have added this interest to the amount found by the referee, and charged interest on all sums so found up to the time of the rendition of its judgment, excepting only from this accounting an amount equal to the amount Reilly drew from the partnership funds in excess of Wolfort. R.

Wolfort v. Reilly.

S. 1889, sec. 224, p. 162, applies to surviving partner; R. S. 1889, sec. 294, p. 174; *Patterson v. Booth,* 103 Mo. 413, citing 43 Mo. 153; 86 Mo. 594; 89 Mo. 454; *Kerr v. Laird,* 27 Miss. 544; *Cruce v. Cruce,* 81 Mo. 691; *Williams' Adm'r v. Pettigrew,* 62 Mo. 171. (2) That there was no necessity of keeping the estate so long in the course of administration. That the condition of the insolvent debtors to the firm was known to the surviving partner at the time of Reilly's death; that by keeping it so long in the course of administration, the credits claimed by the surviving partner for moneys paid to Gray, Chambers, and Mollencott, were unnecessarily increased, and that the charges claimed to have been paid to these are exorbitant for the services claimed to have been rendered to the estate. R. S. 1889, sec. 59, p. 135; *In re Moore,* 72 Cal. 343; Woerner, American Adm'n Law, secs. 529, 516; *May v. Green,* 75 Ala. 167. Partnership realty held in common. *Carlisle's Adm'r v. Mulhern,* 19 Mo. 58; *Hartnett v. Fegan,* 3 Mo. App. 1; *Dillinger v. Kelly,* 84 Mo. 567; *Jacobs v. Jacobs,* 99 Mo. 437. (3) The court below in making an allowance to the surviving partner to pay his counsel fees erred, and by so doing gave to the surviving partner a premium for the diversion of the funds belonging to the estate. *Garr v. Harding,* 45 Mo. App. 618. (4) The final settlement is a chancery proceeding and the supreme court will review all the evidence, as in equity cases, and render such decree as should have been rendered below. *In re Meeker,* 45 Mo. App. 186.

*M. L. Gray* and *M. B. Jonas* for respondent.

(1) Interest not chargeable the first year. R. S. 1889, secs. 237, 238, p. 165; *Myers v. Myers,* 98 Mo.

269, 270; R. S. 1889, sec. 67, p. 136; *Booker v. Armstrong*, 93 Mo. 61, par. 4; *Priest v. Way*, 13 Mo. App. 559; R. S. 1889, sec. 225, p. 163; *Madden's Heirs v. Madden's Adm'r*, 27 Mo. 546; *Clyce v. Anderson*, 49 Mo. 43; *Cruce v. Cruce*, 81 Mo. 676; *Bobb v. Bobb*, 89 Mo. 421, par. 5; *Gregory v. Menefee*, 83 Mo. 423; 2 Woerner's Adm'n Law [1 Ed.], sec. 458, p. 994. (2) Allowance to Mr. Chambers should stand. *Clyce v. Anderson*, 49 Mo. 44; *North v. Priest*, 81 Mo. 563; R. S. 1889, sec. 222, p. 162; *In re Handfield*, 16 Mo. App. 333; *Hawkins v. Cunningham*, 67 Mo. 415; 2 Woerner's Adm'n Law [1 Ed.], sec. 515; *Glover v. Halley*, 2 Bradford, 294; *Hawley v. Singer*, 3 Demarest, 596; *Witted v. Webb*, 2 Devereaux & Battle, Eq. 451; *McWhorter v. Brown*, 1 Hopkins, 34, 35; *Henderson v. Simmons*, 33 Ala. 299. (3) The surviving partner's tender was good. *De minimis non curat lex.* (4) Allowance of attorney's fees was proper. R. S. 1889, sec. 222, p. 162; *In re Estate of Meeker*, 45 Mo. App. 197; *Jacobs v. Jacobs*, 99 Mo. 436, par. 3; 2 Woerner's Adm'n Law [1 Ed.], sec. 515; *Pinckard v. Pinckard*, 24 Ala. 250.

BURGESS, J.—This case originated in the probate court of the city of St. Louis. From an order of that court overruling exceptions filed therein by Catharine Reilly as executrix of Robert Reilly, deceased, to the final settlement of Joseph Wolfort as surviving partner administering the partnership estate of Reilly & Wolfort, and approving said settlement, the executrix appealed to the circuit court of said city where the ruling was again adverse to her, and she appealed to this court. The estate was quite large, amounting to nearly $170,000.

From the end of the first year both probate and circuit courts charged the surviving partner with inter-

est, but both courts refused to charge him with interest on moneys received by him and used in his private business during the first year of his administration. It is insisted by the executrix that he should have been charged with interest from the different times he received the moneys which were not needed to pay liabilities of the firm up to the time the first settlement was due, excepting only from this amount an amount equal to the amount Reilly drew from the partnership funds in excess of Wolfort.

The evidence shows that the surviving partner kept but one bank account and mingled his own moneys with those of the partnership estate, using it as his own as his demands seemed to require, but does not show that he received any interest on account of it.

By section 224, Revised Statutes, 1889, it is provided that if executors and administrators "lend the money of the deceased, or use it for their own private purposes, they shall pay interest thereon to the estate." But one meaning can be given to this statute. It is not ambiguous, indefinite or uncertain, and leaves no room for construction. By it, under the circumstances of this case, it was not discretionary with the court as to whether the surviving partner should be charged with interest on moneys in his hands belonging to the estate and used by him in his business during that year, from the time he received it until his annual settlement, for, by the plain letter of the statute, it is provided that he shall pay interest on moneys thus used.

If he had desired to avoid the payment of interest he should not have used the money received by him belonging to the partnership estate, and it makes no difference that he may at all times have had ample funds on hands to meet all demands of creditors or legatees. This may be true and still he would be liable for interest. His mere ability to pay at any time

would not absolve him from the payment of interest on moneys used by him and commingled with his own private funds. If this were so, any administrator of large means or resources might constantly use the funds in his hands in his business and realize large profits therefrom without paying interest for the use of such fund. This the law will not permit. *In re Assignment of Murdoch*, 129 Mo. 488; *Cruce v. Cruce*, 81 Mo. 676.

. The authorities cited by counsel in behalf of the surviving partner on this question are not in conflict with what has been said. In no one of them had the administrator used the funds in his own private business.

Whether an administrator shall be charged with interest on money in his hands belonging to the estate in his charge is in many instances to be determined by the circumstances of each case, and rests to some extent in the discretion of the court; for instance, where the administrator or trustee ought to have employed the funds and did not, but where he uses the money for his own private purposes, the law says he shall pay interest, and it is not a matter of discretion with the court. The surviving partner should be charged with interest at the rate of six per cent per annum from the different times he received the moneys which were not needed to pay the liabilities of the firm up to the time of his first settlement.

It is also insisted that error was committed in allowing the surviving partner credit for an amount paid D. Chambers, bookkeeper, attorney's fee charged in third and final settlement, E. H. Mollencott in third and final settlement, and for expenditures claimed by the administrator for the last two years' management of the estate. The chief objections urged against those allowances are that the services for which charges are made were unnecessary, and were occa-

sioned in a large measure by the failure of the adminis-
trator to make settlement of the estate at the expira-
tion of the first two years of his administration.

As has been said, the estate was a large one,
amounting to nearly $175,000, with a vast number of
accounts standing out, and bills unpaid, and it would
seem under such circumstances that a bookkeeper was
not only necessary, but almost indispensable. The
same may be said with respect of the attorney's fees,
and the services of E. H. Mollencott in looking after
the assessment of the property belonging to the firm,
and the payment of taxes against the same. These, as
well as other credits claimed for special services ren-
dered during the last two years' administration,
were in a great measure for the consideration of the
probate and circuit courts, and there is nothing dis-
closed by the record which would justify us in interfer-
ing with their findings in regard thereto. The objec-
tions to these allowances are extremely technical, and
seemingly without merit.

On final hearing in the probate court there was
found to be due the Reilly estate the sum of $2,460.40,
which was then tendered to Mrs. Reilly, the executrix,
by Wolfort, but she refused to receive it. On the
hearing in the circuit court this amount was increased
about $116. No interest from the date of the tender
to the hearing in the circuit court was allowed on the
amount tendered, and in this it is insisted by the
executrix that error was committed.

As to whether or not Wolfort should be charged
with interest on the amount thus tendered depends
upon his ability to loan the money, or whether he
made use of it after Mrs. Reilly refused to receive it in
satisfaction of the judgment. If he made use of it as
his own, or could have loaned it and failed to do so,
then he should be charged with interest; otherwise, not.

He should not be absolved from the payment of interest, merely because of the tender and its refusal by her, for the reason that the tender was insufficient in amount, being, from what has been said, very much less than the amount due from Wolfort to the Reilly estate. The tender, in order to have stopped the interest from running, must have been for the full amount due; Mrs. Reilly was under no obligation to accept anything less.

Moreover, had she accepted the tender, which the evidence clearly shows was made in satisfaction of the judgment rendered in the probate court, she could not thereafter have prosecuted her appeal from that judgment. *Cassell v. Fagin*, 11 Mo. 207. A party can not receive satisfaction of a judgment in his own favor, and thereafter prosecute his appeal from the same judgment in the hope of obtaining a more satisfactory one. There was no error in allowing Wolfort counsel fees for defending the exceptions to his final settlement in the probate and circuit courts. His management of the estate, considering its amount, property and interests, seems to have been quite successful and free from fraud or advantage to himself, other than the use of the funds of the estate. The judgment is reversed and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.