In re Estate of PATRICK BURKE, Deceased; CHAS. GREEN, Executor, Appellant, v. MARY E. HUSSEY, Respondent.

**St. Louis Court of Appeals, October 21, 1902.**

**Executor:** LIABILITY OF EXECUTOR FOR INTEREST ON MONEY OF ESTATE. If an executor keeps the money of an estate deposited in banks to the credit of accounts in which the money used in the transaction of his ordinary business is kept, and on which he regularly draws checks in the transaction of his business, he makes use of the estate money in such a way that he must pay interest on it to the estate.

Appeal from St. Louis City Circuit Court. — *Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*M. Kinealy* and *Kinealy & Kinealy* for appelllant.

(1) We submit that the doctrine of commingling, apart from proof of actual user, rests on the presumption that a certain mode of keeping the funds implies a user of the funds of a benefit derived from them. In re Schofield, 99 Ill. 513; In re Sudds, 66 N. Y. S. 231; Briggs v. Walker, 19 Ky. L. Rep. 1490; 10 Am. and Eng. Ency. of Law (2 Ed.), 1213, and notes, 1214 and 1215; Scudder v. Ames, 142 Mo. 220; In re Davis, Executor, 60 Mo. 454. And if it appear that in point of fact, the trustee has not derived any benefit from the funds of the trust, the mode of deposit or of keeping the account is of no consequence. This has been decided in many cases. In matter of Schofield, 99 Ill. 513. (2) It was held that so long as the administrator or trustee did not use the funds of the estate, the fact that they

were deposited in his own name imposed no liability for interest. The same ruling was also made in the cases cited under point 1, *ante,* of In re Sudds, 66 N. Y. S. 231, as to a deposit of funds of the estate. A similar ruling was made as to a commingling of property in the case of Scudder v. Ames, 142 Mo. 220, and the same principle was adopted in the cases of Briggs v. Walker, 19 Ky. L. Rep. 1490; Fongeray v. Laurel S. L. Co., 57 N. J. Eq. 318.

*Wm. F. Woerner* and *James P. Maginn* for respondent.

(1) The exception as to the $699.12 was properly sustained; and especially as only the final settlement and not an order of distribution was before the court. Branson v. Branson, 102 Mo. 620. (2) The court properly charged the executor with interest for his use of the funds of the estate for his own private purposes. Secs. 225, 226, R. S. 1899; Wolfort v. Reilly, 133 Mo. 467; Cruce v. Cruce, 81 Mo. 676.

GOODE, J.—On exceptions filed to the final settlement of appellant, as executor of the last will of Patrick Burke, deceased, by one of the legatees, judgment was entered by the circuit court charging said executor six per cent interest on money of the estate that came into his hands and is asserted to have been personally used by him. The interest charge amounts to more than twenty-two hundred dollars and the appellant contends that it was improper.

The only testimony relating to the point is Green's own, which shows that he transacted business during most of his term as executor under the style of Green & La Motte, but towards the close of the term, through a corporation denominated the Charles Green Real Estate Company. His habit was to keep the funds belonging to the Burke estate, as well as other funds, in different banks, credited to an account which stood in the name of either Green & La Motte or of said real estate com-

pany, and to check on that account constantly in the course of his business, which was selling real estate, collecting rents, making loans and acting as general financial agent and trustee.  He also kept an individual account, sometimes depositing trust money therein, and sometimes depositing his own money in the firm or corporation account.  In fact he observed no rule strictly about keeping the Burke and other fiduciary funds separate, but commingled them with his private means and used them indiscriminately; but he says he always had plenty of money on hand to meet any disbursement that he ought to make in his various fiduciary relations, and that he kept separate accounts on his books of the business of the different clients and estates represented by him.

The statutes pertinent to the subject of the liability of an executor for interest on money belonging to the estate in his hands are as follows:

"All interest received by executors and administrators on debts due to the deceased shall be assets in their hands; and if they lend the money of the deceased, or use it for their own private purposes, they shall pay interest thereon to the estate.

"The court shall, at each settlement, exercise an equitable control in making executors and administrators account for interest received by them on debts due the estate, and for interest accruing on money belonging to the estate, loaned or otherwise employed by them; and for that purpose may take testimony or examine the executor or administrator under oath."  R. S. 1899, secs. 225 and 226.

Leaving out of view the duty imposed on executors and others trustees by the rules of equity to manage fiduciary funds, when they accumulate and must remain on hand for a considerable period, so that they will earn reasonable interest (Cruce v. Cruce, 81 Mo. 676), we are of the opinion that the statutory requirement of interest from executors and administrators on money of estates used by them for their private purposes, amply supports the judgment of the circuit court.  The appel-

lant's testimony proves he used the money of the Burke estate in his usual daily transactions and for private purposes, since he said that he commingled it with other money employed in his business and checked it out, not only to pay demands connected with the estate, but whenever he needed to pay money for any purpose. One can hardly see how trust funds could be more distinctly employed by a trustee for his own convenience. It is true the appellant testified that he was ready at all times to meet any obligation which might arise in connection with this estate or other affairs entrusted to him, and it may be true that it is a hardship to tax interest against him for merely using the money in the mode he did. But the statutes prescribe a rule on the subject, adopted from reasons that seemed adequate to the Legislature, which requires an executor to pay interest to the estate in such circumstances and makes no exception in his favor because he was prepared to meet demands when they fell due. Wolfort v. Reilly, 133 Mo. 463. Nor could an exception of that kind be allowed without countenancing in some degree the notion that an executor or administrator may use estate money by paying interest, even if it is needed to pay demands; which notion is wholly inconsistent with the principles of equity governing trusts.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.