CENTRAL STATES LIFE INSURANCE COMPANY, a Corporation, Appellant, v. WILLIAM LEWIN and CITY BLOCK TWO HUNDRED AND NINETY, INC., a Corporation.—115 S. W. (2d) 801.

Division One, April 22, 1938.

*Bryan, Williams, Cave & McPheeters* for appellant.

*Burnett, Stern & Liberman* for William Lewin.

386

GANTT, J.—Action against Wm. Lewin on five promissory notes in the total principal sum of $45,000, and the interest coupon notes attached to said notes. They were dated August 1, 1932, and matured on August 1, 1933, August 1, 1934, August 1, 1935, August 1, 1936 and August 1, 1937. The City Block Two Hundred and Ninety, Inc., borrowed the money from the plaintiff and signed both the principal notes and the interest coupon notes. Lewin signed only the principal notes. The first two notes had matured at the time suit was filed. The last three notes had not matured. They did not mature until after the entry of judgment. Plaintiff claimed the right to accelerate the maturity of the last three notes

because of default in the payment of interest. The City Block Two Hundred and Ninety, Inc., interpleaded as a defendant in the cause.

The court found for plaintiff and against defendant Lewin on counts one and two in the principal amount of the notes, with interest after maturity and attorneys' fees in the total sum of $12,312.-58. The court further found that the action on counts three, four and five was premature and dismissed the same without prejudice to the right of plaintiff to file any other suit or suits on said notes. Judgment was accordingly entered and plaintiff appealed.

After judgment the defendant City Block Two Hundred and Ninety, Inc., paid to plaintiff $12,312.58, the full amount of the judgment against defendant Lewin, and plaintiff acknowledged satisfaction, which was duly filed in open court and the judgment satisfied of record.

In this situation defendant Lewin moves for a dismissal of the appeal. He contends that the satisfaction of the judgment in whole or in part prevents plaintiff from prosecuting the appeal. The rule is stated as follows:

"The general rule . . . is that a litigant who has voluntarily and with knowledge of all the material facts accepted the benefits of an order, decree or judgment of a court, cannot afterwards take or prosecute an appeal or error proceeding to reverse it. . . . The reason for this rule is that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against it—in other words, that the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions, and the election to pursue one course must be deemed an abandonment of the other." [2 American Jurisprudence, p. 975.]

The above statement is the well-settled rule in this jurisdiction. [Johnson v. Johnson Motor Co., 98 S. W. (2d) 146; Cassell et al. v. Fagin et al., 11 Mo. 207, 47 Am. Dec. 151; RoBards v. Lamb, 76 Mo. 192, 194, 195; Aull v. St. Louis Trust Co., 149 Mo. 1, 15, 50 S. W. 289; Wolfert v. Reilly, 133 Mo. 463, 34 S. W. 847; Cape Girardeau & T. B. T. Railroad v. Bridge Co., 215 Mo. 286, 297, 114 S. W. 1084; In re Sachleben, 106 Mo. App. 307, 80 S. W. 737; Houck v. Swartz, 25 Mo. App. 17, 20; Winsor v. Schaefer, 224 Mo. App. 1220, 34 S. W. (2d) 989; 3 C. J., p. 681.]

Plaintiff admits the rule and that there can be but one final judgment. Even so, it contends that under the facts the prosecution of the appeal is permissible under the exception to the rule, which is stated as follows:

"However, there is a well recognized exception to this rule, that is, one who accepts payment after judgment of items which were

never in contest, is not debarred from appealing.'' [Johnson v. Johnson Motor Co., 98 S. W. (2d) 1. c. 148.]

The judgment was rendered against Lewin on the first two notes. The question of whether said notes were ''in contest'' must be determined from the record.

Defendant Lewin tendered a number of defenses, including the contentions that he was not liable for interest before maturity because he had not signed the interest coupons; that he was a surety and entitled to subrogation with respect to the mortgage security held by plaintiff; that he was entitled to a marshaling of the security and an accounting, and that his rights were jeopardized by a contract executed by plaintiff and others without his knowledge and consent, in which plaintiff, on condition, bound itself, notwithstanding default, not to foreclose the deed of trust given to secure the notes, and bound itself not to institute an action upon any of the notes prior to August 1, 1937.

In other words, defendant Lewin did not admit liability on either of the notes. On the contrary the issues presented by the above stated defenses against all the notes were contested in the trial of the case. The court found in favor of Lewin on the defense that he was liable only for interest after maturity. Plaintiff was not satisfied with that ruling and was not satisfied with the ruling dismissing counts three, four and five of the petition. It appealed from the judgment. It follows that the first two notes on which judgment was rendered against defendant Lewin were ''in contest.''

The motion to dismiss the appeal should be sustained. It is so ordered. All concur, except *Hays, J.*, absent.