**Norman R. DEWEESE and Aline J. Rosselot, Plaintiffs/Appellants,**

v.

**INVESTORS TITLE COMPANY, INC., et al., Defendants/Respondents.**

v.

**INTEGRITY INVESTMENT CORPORATION, Third Party Defendant/Appellant.**

**No. 56332.**

Missouri Court of Appeals, Eastern District, Division Three.

June 5, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 1990.

Arthur G. Muegler, Jr., St. Louis, for plaintiffs/appellants.

Robert C. O'Neal, Robert Denlow, St. Louis, for defendants/respondents.

GRIMM, Judge.

The second amended petition of plaintiffs Norman Deweese and Aline Rosselot contains six counts. It seeks damages, arising from a real estate transaction, from five defendants. Only two counts, however, were submitted to the jury: Count I, "Intentional Tort–Fraud" and Count II, "Intentional Tort–Civil Conspiracy."[1]

The jury awarded plaintiffs a $18,860.00 verdict against defendants Steven Dorenkamp and American Eagle Development Corporation. Judgment on that verdict was entered December 21, 1988. Plaintiffs' motion for new trial was denied on February 23, 1989, and plaintiffs' notice of appeal was filed March 3, 1989.

Dorenkamp and American paid the judgment into the court's registry. On August 28, 1989, plaintiffs sought and received payment of the judgment. On September 15, 1989, the court entered a satisfaction of judgment.

Plaintiffs appeal, raising numerous points. All defendants filed motions with this court to dismiss plaintiffs' appeal. The motions were ordered taken with the case. In the motions, defendants contend plaintiffs have waived their right to appeal; because plaintiffs accepted benefits under the judgment. We agree and dismiss the appeal.

## I. Background

In September, 1983, American contracted with Morris Sherman to purchase a 24 unit apartment complex. American's plan was to convert the apartments into condominiums and pre-sell enough units to finance the purchase price. Under the agreement with Sherman, American was permitted to make improvements to the property before closing. Closing was scheduled for February 28, 1984, at Investors Title Company, Inc.

In October and December, 1983, plaintiffs contracted with American to purchase nine condominium units. Dorenkamp, as president of American, testified that the transfer of title to the condominiums to plaintiffs was intended to occur virtually simultaneously with the purchase of the complex from Sherman and the filing of the condominium declaration. Investors was to prepare the deeds and other closing documents.

On February 28, 1984, the day set for closing, a severe snow storm hit St. Louis.

---

1. Three verdict directors were submitted to the jury. Two submitted fraud; one was against Steven Dorenkamp and American Eagle Development Corporation, the other against Dorenkamp and Lindbergh Realtors, Inc. The third verdict director submitted "civil conspiracy" against Dorenkamp, American, Lindbergh, Norma Weintraub, and Investors Title Company, Inc.

Only one verdict form was submitted. The verdict does not refer either to counts or instruction numbers. The first paragraph of the verdict contains a finding in favor of plaintiffs and against Dorenkamp and American. The second paragraph contains a finding in favor of Dorenkamp and Lindbergh, while the third paragraph contains a finding in favor of Investors and Weintraub. No issue is raised concerning the verdict form or verdict.

Closing was postponed. All parties met at Investors the next day to sign documents except Sherman, who met and signed on March 1.

At the February 29 meeting, plaintiffs gave checks to Investors for the purchase of the nine units. Dorenkamp, on behalf of American, signed warranty deeds for the condominium units plaintiffs purchased. The checks and deeds were retained by Investors in escrow, because the transaction between plaintiffs and American could not be completed until American closed its purchase with Sherman and filed a condominium declaration.

On March 1, Sherman signed the documents transferring the apartment complex to American. On March 5, the checks from plaintiffs were placed in Investors' customer disbursing account. The deed from Sherman to American for the entire complex, the condominium declaration and plat, and the deeds to the nine units purchased by plaintiffs were recorded on March 5 and 6. Plaintiffs have been in possession of the nine units since March 1.

At trial, plaintiffs claimed that they received a 9/24's interest in the entire apartment complex rather than fee simple title to nine condominium units; because of American's failure to close its deal with Sherman or file the condominium declaration on or before February 29, 1984. Had they known of American's failure to do so, plaintiffs argued, they would not have closed their purchase and, as a result, would have avoided damages.

## II. Dismissal of Appeal

■ " 'The general rule ... is that a litigant who has voluntarily and with knowledge of all the material facts accepted the benefits of an order, decree or judgment of a court, cannot afterwards take or prosecute an appeal or error proceeding to reverse it.' " *Central States Life Ins. Co. v. Lewin,* 115 S.W.2d 801 (1938) (quoting 2 AM.JUR, p. 975). " 'The reason for this rule is that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against it—in other words, that the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions, and the election to pursue one course must be deemed an abandonment of the other.' " *Id.; see also Hull v. Hull,* 591 S.W.2d 376 (Mo.App.W.D.1979).

■ Here, plaintiffs are attempting to do what the rule prohibits. Plaintiffs have accepted that portion of the judgment which is in their favor but are appealing those portions decided against them. By electing to accept the benefits of the judgment, plaintiffs are deemed to have abandoned their right to appeal.

■ A well recognized exception to this rule exists. The exception states that "one who accepts payment after judgment of items which were never in contest, is not debarred from appealing." *Johnson v. Johnson Motor Co.,* 98 S.W.2d 146, 148 (Mo.App.W.D.1936). It does not, however, apply to plaintiffs' case.

Here, defendants vigorously contested plaintiffs' claims. They denied that they had committed any fraud. Further, they contended they had not caused plaintiffs any damages. Clearly, plaintiffs' claims of fraud and civil conspiracy were contested and the exception is not applicable.

Further, plaintiffs' brief reflects that this appeal concerns contested matters. Three of plaintiffs' points relied on allege trial court error in refusing three verdict directors which plaintiffs originally tendered on the fraud and civil conspiracy counts. These three points confirm that those counts were contested. And, if plaintiffs were successful on those points, they would receive a new trial on the same counts on which they received payment.

Plaintiffs have received payment of the judgment and satisfaction of the judgment has been entered. Plaintiffs, therefore, are not entitled to appeal; and the appeal is

dismissed.[2]

SATZ, P.J., and SMITH, J., concur.

___

2. We have ex gratia reviewed plaintiffs' arguments on appeal. We found no error justifying reversal.