Judy REYNOLDS, Appellant,

v.

Dale REYNOLDS, Respondent.

No. 62864.

Missouri Court of Appeals,
Eastern District.
Division Five.

Oct. 5, 1993.

Alan G. Kimbrell, St. Louis, for appellant.

Katherine L. Butler, St. Louis, for respondent.

GARY M. GAERTNER, Chief Judge.

Appellant, Judy Reynolds, appeals from a dissolution order of the Circuit Court of Jefferson County, Missouri. Appellant contends the trial court erred in failing to set aside appellant's separate property as specified in a written pre-nuptial agreement. We affirm in part and remand in part.

On January 11, 1985, appellant Judy Reynolds, and respondent, Dale Reynolds, entered into a written pre-nuptial agreement. The agreement stipulated that both parties would retain their separate property in case of divorce. Concerning a house appellant was part-owner of, the agreement provided:

> Both parties acknowledge and represent: that [appellant] has 60% ownership in the residence known as and numbered 4924 Ardeth, St. Louis County, Missouri, ... that [appellant]'s equity in said residence approximates $37,200 ... In the event said residence is sold and [appellant]'s equity, or any part thereof, is invested in another residence, that sum shall remain the exclusive, sole and separate property of [appellant]. ...

Wife and husband were married the next day. Wife sold the Ardeth house and contributed $25,999.77 of the proceeds to purchase the couple's new home at 1470 Royal Spring. The parties later sold this home, gaining net proceeds of $64,220.00, $58,596.31 of which was used to purchase the parties' last residence, 17258 Lost Cabin Road.[1] Both parties secured individual loans amounting to nearly $20,000 each, which were applied to the purchase of the home. Additionally, over $5,000 was contributed from joint assets. The couple also took out a mortgage in the amount of $187,500. In all, the property reflected an investment of over $291,000.

---

1. There is considerable disagreement throughout the record regarding the name of the street on which this house is located. We find several references to "Lost Cabin Road," and other references to "Log Cabin Road." The parties are obviously referring to the same house. We will refer to the street as "Lost Cabin Road," as this is the version listed on a copy of a sales-related document included in the record.

On November 1, 1990, the parties separated. Wife moved into an apartment, paying $550 per month in rent. Husband continued to live in the Lost Cabin residence, paying the monthly mortgage of $1,933. During this time, husband paid $1,638 for repair of the driveway, $210 for an appraisal, and $947 for new carpeting.

The marriage was dissolved on June 17, 1992. At the dissolution hearing, the trial court found the pre-nuptial agreement to be "a valid and enforceable agreement ... and to the extent that any items of separate property mentioned therein as the respective separate property of the parties still exist, they are set aside as the separate property of the parties, as provided in said 'Pre–Nuptial Agreement'."

The Court ordered the Lost Cabin Road residence sold[2] and directed that the proceeds be distributed in the following order: 1) payment of the mortgage and other costs related to the sale; 2) reimbursement to husband of one-half of the monthly mortgage payments of $1933 ($966.50) which he would pay from the date of dissolution until the Lost Cabin Road residence was sold; 3) payment of 54.05% of the remainder to wife, and 45.95% to husband.

The property was sold on September 28, 1992, for a sum of $269,900. After payment of the mortgage and all sales-related costs, an amount of $64,227.72 remained. Husband received $3,866.00 as reimbursement for mortgage payments, and $27,736.21 as his portion of the settlement (45.95% of the remainder). Wife received $32,625.51 (54.05% of the remainder).

■ The sole issue raised on appeal is whether the trial court's property division properly reflected the parties' pre-nuptial agreement. Wife claims the Court's division was in violation of RSMo § 452.330.1 (Cum. Supp.1992), which states in pertinent part:

In a proceeding for dissolution of the marriage or legal separation, ... the court shall set apart to each spouse his nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors....

Wife contends the trial court erroneously failed to consider that equity from the Ardeth house, which she invested in the Lost Cabin residence, was her separate property.

We note that review of a nonjury case is controlled by Rule 73.01(c); that is, the court's judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Burden v. Burden*, 811 S.W.2d 818, 820 (Mo.App., S.D.1991).

■ In the present case, the trial court acknowledged that the pre-nuptial agreement was valid and binding between the parties. Because the parties do not contest the validity of this agreement on appeal, it is unnecessary to address it here. Property may be excluded and set aside from a marital property division by valid, written agreement between the parties. RSMo § 452.330.2(4) (Cum.Supp.1992); *See E.L.S. v. F.M.S.*, 829 S.W.2d 19, 21 (Mo.App., E.D.1992).

In its decree, the trial court stated:

The Court finds that both parties have contributed to the acquisition of the current marital home certain separate funds, either from pre-nuptial assets, or by borrowing on their individual credit, or in the case of Respondent by making payments on the mortgage since the date of separation; and that credit is due each therefor. That after giving due credit for those matters, that any remaining net proceeds may, and should, be equally divided.

Therefore, considering the respective "separate" contributions of the parties (and that any remaining net proceeds should be divided equally) the Court orders that the net sale proceeds be divided as follows (after payment of outstanding mortgages and costs of sale, and credit for ½ of the mortgage payments made by Respondent as provided above):

---

**2.** The parties had divided all other property between themselves. The house remained the only asset in contention.

54.05% to the Petitioner, [appellant]; and 45.95% to the Respondent. . . .

The court specifically found the pre-nuptial agreement was valid, that both parties had applied separate assets towards the purchase of the Lost Cabin Road residence, "and that credit [was] due each therefor." The court went on to conclude that "considering the respective 'separate' contributions of the parties," the remaining net proceeds from the sale of the house would then be divided as further instructed by the court.

We find this wording ambiguous. Because the court merely allocated percentages to the parties rather than specifically setting out the $25,999.77 as wife's separate property, we are unable to determine whether or not wife was actually credited with that amount. We find a remand is necessary for clarification to guarantee that wife be properly credited with her separate property. Point granted.

■ Additionally, although not directly raised on appeal, wife suggests an argument in her reply brief which we find requires addressing. Initially, husband argued the trial court should have credited him with at least a portion of the $39,817.46 contribution which husband made towards the residence after the separation. Wife responded by reminding husband that absent a decree of legal separation, husband's earnings were marital property up to the date of dissolution. *See*, RSMo § 452.330.2(3); *In re Marriage of Gourley*, 811 S.W.2d 13, 20 (Mo. App., S.D.1991). Herein lies the problem.

■ In the decree of dissolution, the court indicated that wife should be credited for her separate, pre-nuptial assets, used to acquire the residence in dispute. However, the court also found that husband had contributed separate funds in the form of "payments on the mortgage since the date of separation." The court indicated husband was to be credited for these contributions. As stated above, Missouri statute and supporting caselaw firmly establish that marital property includes all property acquired by the couple subsequent to the marriage which does not fit into the exceptions of RSMo § 452.330.2 [3], and that marital property is valued as of the date of the decree. *Taylor v. Taylor*, 736 S.W.2d 388, 391 (Mo. banc 1987). As such, we find the trial court erred in crediting husband's contributions to the residence prior to dissolution as separate property. A remand is necessary to allow the court to properly divide the marital assets.

■ We are also called upon to rule on husband's motion to dismiss wife's appeal. Husband contends that wife waived her right to appeal the trial court's decree because she freely accepted her court award. Husband cites the general rule that a litigant who voluntarily accepts the benefits of an order, decree or judgment of a court cannot afterwards prosecute an appeal to reverse it. *Deweese v. Investors Title Co., Inc.*, 792 S.W.2d 40, 42 (Mo.App., E.D.1990). The general purpose behind this rule is that a party should not be able to enjoy the fruits of a judgment, and at the same time, appeal that judgment. *Id.*

However, husband's argument is not convincing. Our research shows that courts have not applied this rule as strictly in marriage dissolution cases. In *Smith v. Smith*, 702 S.W.2d 505, 506–07 (Mo.App., S.D.1985), the Southern District, noted:

"[T]his rule has its exceptions." (citations omitted). Whether or not the acceptance of partial payment of a judgment constitutes an exception is to be decided on a case by case basis considering all relevant circumstances. Included in the factors which have been considered in finding such

---

**3.** Those exceptions are:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid written agreement of the parties; and

(5) The increase in value of property acquired prior to the marriage or pursuant to subdivisions (1) to (4) of this subsection, unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions.

an acceptance to be an exception to the general rule are the following: The amount received was a small portion of the total judgment, (citation omitted); the amount accepted has effectively been conceded to be due by a husband who did not appeal, (citation omitted); the acceptance of benefits was due to financial distress, (citation omitted); the absence of prejudice to the judgment debtor husband, (citation omitted); and where the only issue on appeal is whether an award will be increased, (citation omitted). It has been observed, "the general rule pertaining to the acquiescence in judgments will not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved." (citations omitted).

Applying the factors above to the facts before us, we acknowledge that wife accepted her entire award upon the sale of the Lost Cabin house, an amount of $32,625. However, upon further inquiry, we find that at the time of the dissolution wife was under a judgment to repay nearly $17,000 borrowed to purchase the Lost Cabin house. We therefore accept that wife was under significant financial distress which required her to accept the entire award.

The second factor requires us to consider whether husband conceded wife was indeed owed the $25,999.77 pursuant to the prenuptial agreement. Husband's only arguments on appeal are 1) that the court's division of property was fair and equitable, and 2) that wife made procedural errors on appeal. Nowhere does husband contend that wife should not be given credit for her separate property.

We also note that, in relation to the fifth factor above, wife's contentions on appeal are limited to the issue of whether the award should be modified, and thus increased. Finally, we find no special circumstances whereby husband would be unduly prejudiced if the award was revised and increased in wife's favor. Upon our review of the above factors, then, we find them weighted in wife's favor. Therefore, we hold wife's appeal is not precluded by the acquiescence to

judgment rule, and husband's motion to dismiss is denied.

In view of the foregoing, we reverse and remand with instructions to order a property division compatible with this opinion.

SIMON and PUDLOWSKI, JJ., concur.