**Cheri Ann GEORGE, Plaintiff–Respondent,**

v.

**Kevin Ira GEORGE, Defendant–Appellant.**

No. 22174.

Missouri Court of Appeals, Southern District, Division One.

March 23, 1999.

---

**3.** We added the emphasis.

Stephen P. Carlton, Carthage, for appellant.

Bruce N. Secrist, Joplin, for respondent.

JOHN E. PARRISH, Judge.

Kevin Ira George (husband) appeals the property division part of a dissolution of marriage judgment. He contends the trial court erred in not awarding him an interest in certain real estate the parties acquired during their marriage. Cheri Ann George (wife) filed a motion to dismiss the appeal. That motion is granted for the reasons hereafter stated.

The parties had no children. Neither sought maintenance. The judgment that is appealed dissolved the marriage, identified and set aside nonmarital property, and distributed marital property. It directed each party to pay certain marital debts and hold the other party harmless thereon. It restored wife's maiden name, assessed court costs, and ordered the parties to pay their respective attorney fees.

The marital property awarded to wife included two tracts of real estate in Jasper County, Missouri. The judgment states:

> In order to compensate [husband] for money invested in the marital real estate and effect an equitable distribution of the marital property the Court orders [wife] to pay to [husband] the amount of Twenty-two Thousand Sixty-five Dollars ($22,065.00). The Court further orders that the [wife] refinance the existing mortgages on both pieces of marital real estate awarded to [wife] releasing [husband] from all obligation thereon.

Wife's motion to dismiss the appeal was taken with the case. It states she was ordered to pay husband the sum of $22,065 "in order to effect an equitable division of marital property"; that she paid that amount to husband by check "which has been cashed and accepted by ... [h]usband." A photocopy of the front and back of a check in that amount, payable to husband, is attached to the motion. The copy of the back of the check shows an endorsement by "Kevin I. George." At oral argument husband's attorney acknowledged that the check represented payment of the $22,065 the judgment ordered wife to pay and that the check had been negotiated by husband.

■ "The general rule is that when a litigant voluntarily accepts the benefits of an order or judgment, [the litigant] cannot take an appeal to reverse the judgment. This is because the right to proceed on a

judgment and enjoy its fruits, and to attack it on appeal, are totally inconsistent positions." *In re Marriage of E.A. W.,* 573 S.W.2d 689, 691 (Mo.App.1978). Whether acceptance of partial payment of a judgment constitutes an exception to that rule is decided on a case-by-case basis considering all relevant circumstances. *McKee v. McKee,* 940 S.W.2d 946, 947 (Mo.App. 1997), quoting *Smith v. Smith,* 702 S.W.2d 505, 506–07 (Mo.App.1985).

■ Husband's act of accepting payment of the amount the trial court awarded to "effect an equitable distribution of the marital property," and thereafter contending the distribution of marital property was inequitable, grossly illustrates the inconsistency that fostered the rule that a party cannot accept benefits of a judgment without foregoing its appeal. Here, as in *In re Marriage of Vinson,* 839 S.W.2d 38 (Mo.App.1992), there is no showing that husband was under financial duress to accept payment of the amount the trial court ordered paid to him. Likewise, this court perceives no showing of other circumstances that have been held exceptions to the rule that one accepting benefits of a judgment in a dissolution of marriage case is estopped from appealing the judgment. *See Reynolds v. Reynolds,* 861 S.W.2d 825, 828–29 (Mo.App.1993).

Wife's motion to dismiss the appeal is granted. *See Central States Life Ins. Co. v. Lewin,* 342 Mo. 383, 115 S.W.2d 801 (1938). The appeal is dismissed.

PREWITT, P.J., and CROW, J., concur.