In re ESTATE of Sophie FRANZ, Deceased.

Oscar E. BUDER, Executor d.b.n. of the Estate of Sophie Franz, Deceased, Appellant,

v.

G. A. BUDER, Jr., Executor of the Estate of G. A. Buder, Deceased, Respondent.

No. 49361.

Supreme Court of Missouri,

Division No. 1.

Nov. 11, 1963.

Opinion Modified on Court's Own Motion and Motion for Rehearing or for Transfer to Court En Banc or for Modification Denied Dec. 9, 1963.

James J. Milligan, St. Louis, Buder & Martin, Eugene H. Buder, and Leonard E. Martin, St. Louis, of counsel, for Oscar E. Buder, Executor d. b. n. Estate of Sophie Franz, Deceased.

Charles B. Baron, David Baron, Baron & Freed, St. Louis, for G. A. Buder, Jr., Executor of Estate of G. A. Buder, Deceased, defendant-respondent.

DALTON, Presiding Judge.

This case involves four appeals from the Probate Court of the City of St. Louis to the circuit court of said city. The four appeals to the circuit court were from orders and judgments of the probate court in connection with the administration of the Estate of Sophie Franz, deceased. The appeals were consolidated for trial de novo in the circuit court and they were so tried. Sec. 472.250 RSMo 1959, V.A.M.S. Oscar E. Buder, Executor, d. b. n. of the Estate of Sophie Franz, deceased, has appealed to this court from an adverse judgment of the circuit court entered in the consolidated cause.[1]

Sophie Franz died testate on April 14, 1930, and G. A. Buder was duly appointed executor of her estate by the Probate Court of the City of St. Louis and he thereafter, as such executor, filed twenty-six annual settlements in said estate, beginning January 9, 1931, and ending July 23, 1953. On October 6, 1953 he filed his final settlement, together with a memorandum for an order of distribution, and later a supplemental memorandum for distribution dated December 16, 1953. Notice of final settlement was published and the various legatees and their counsel were consulted with reference to said settlement, which settlement was approved October 23, 1958, after Buder's death. On December 26, 1953, the said probate court made an order of distribution in said estate in accordance with the above memorandum and such distribution was made, except for a one-ninth interest. On April 14, 1954, G. A. Buder died, and on April 24, 1954, Oscar E. Buder was duly appointed Executor d. b. n. of the Estate of Sophie Franz, deceased. Thereafter, said executor d. b. n. effected the distribution and transfer of the one-ninth distributive share of G. A. Franz to Edward A. Walsh, Administrator c. t. a., d. b. n. of the Ancillary Estate of G. A. Franz, as per order of the

1. This case is a further step in the Buder-Franz litigation that has been carried on in both the federal and state courts for some years. See cases listed in Buder v. Walsh, Mo.Sup., 314 S.W.2d 739, 740; In re Franz Estate, 346 Mo. 1149, 145 S.W.2d 400, 401; Security M. Bank & Trust Co. v. Buder, Mo.Sup., 341 S.W.2d 782, 783; In re Franz, 344 Mo. 510, 127 S.W.2d 401, 403. Also see: In re Franz' Estate, Mo.Sup., 245 S.W.2d 1; Buder v. Fiske, 8 Cir., 174 F.2d 260, rehearing 8 Cir., 177 F.2d 907; In re Franz's Estate, Mo.Sup., 242 S.W.2d 490, and In re Buder, 358 Mo. 796, 217 S.W. 2d 563.

Probate Court of the City of St. Louis dated October 23, 1958, and the order of the Circuit Court of St. Louis County entered September 22, 1958.

Causes bearing Docket Nos. 16,900–E and 18,675–E are appeals of Oscar E. Buder, Executor d. b. n. of the Estate of Sophie Franz, deceased, from orders of the probate court. The appeal in the first case is from an order approving the final settlement of G. A. Buder (now deceased) as Executor of the Estate of Sophie Franz, deceased, as surcharged in the amount of $32,103.22. The settlement was approved by the probate court on October 23, 1958, and the appeal was taken to the circuit court on October 31, 1958, also referred to as November 7, 1958. The appeal in Case No. 18,675–E is from the probate court's order dismissing the exceptions filed on October 31, 1958, by Oscar E. Buder as executor d. b. n. to the final settlement filed on October 6, 1953 by G. A. Buder, Executor of the Estate of Sophie Franz, deceased. The exceptions were overruled on November 14, 1958 (subsequent to the appeal from the approval of the final settlement, as surcharged), and an appeal was taken to the circuit court on November 21, 1958.

Cause No. 15,752–E is an appeal to the circuit court by Oscar E. Buder, personally, as a judgment creditor of the Estate of Sophie Franz, deceased, from the order and judgment of the probate court holding that a judgment entered in the Circuit Court of the City of St. Louis on July 15, 1953, in the amount of $52,686.87 in favor of Oscar E. Buder and G. A. Buder and against the Estate of Sophie Franz, deceased, had been paid and satisfied. A transcript of the judgment had been filed and allowed in said Estate by the probate court and the claim placed in the sixth class of demands.

Cause No. 17569–E is an appeal by G. A. Buder, Jr., Executor of the Estate of G. A. Buder, deceased, from that portion of the order of the probate court surcharging the Estate of G. A. Buder, the deceased Executor of the Estate of Sophie Franz, deceased, with the sums of $6,379.15 on account of commissions disallowed and $25,724.07 on account of additional interest alleged to be due the estate.

The record further shows that on May 27, 1954, and subsequent to his appointment as Executor d. b. n. of the Estate of Sophie Franz, deceased, Oscar E. Buder filed in the probate court a motion under Sec. 461.-550 RSMo 1949, V.A.M.S. to require G. A. Buder, Jr., as Executor of the Estate of G. A. Buder, deceased, to account for, pay over and deliver to Oscar E. Buder, as Executor d. b. n. of the Estate of Sophie Franz, deceased, all of the assets of the Estate of Sophie Franz, deceased. In this motion certain specific matters were referred to, to wit: (1) two outstanding checks drawn by the Mutual Bank & Trust Company, as drawer thereof, one in the sum of $24,997.49 payable to the Executor of the Estate of G. A. Franz, deceased, and a check in the amount of $97,500.02 payable to G. A. Buder and the Estate of G. A. Franz, deceased, and subsequently involved in litigation in the Circuit Court of St. Louis County and claimed by Oscar E. Buder as the Executor d. b. n. of the Estate of Sophie Franz, deceased, to be assets of said estate; (2) the matter of the collection of a judgment against said estate in the sum of $52,686.87 in favor of G. A. Buder and Oscar E. Buder; (3) the sum of $33,-205.98 alleged to be deposited in a "bank of St. Louis" and in G. A. Buder's personal account; and (4) the sum of $45,886 with which the former executor is alleged to have charged himself in his final settlement in said estate as filed on October 6, 1953.

In this motion movant prayed for "* * an order of the Court requiring G. A. Buder, Jr., as legal representative and Executor of the Estate of G. A. Buder, deceased, to account for the real and personal property of the Estate of Sophie Franz, deceased, and particularly such items as are hereinbefore set out, and in such time and such manner as the Court shall order." An

extended reply was filed to this motion on July 7, 1954 by the estate of G. A. Buder, deceased.

The said motion to account and the question of approval of the final settlement of October 6, 1953, were submitted to the probate court on July 19, 1955 and a judgment was thereafter entered on October 23, 1958, as hereinbefore stated, approving the settlement subject to the surcharge of $32,103.-22. The probate court also, on November 21, 1958, overruled a motion to set aside the order of October 23, 1958, surcharging the Estate of G. A. Buder, deceased, and an appeal was granted G. A. Buder, Jr., executor of the estate, from the orders of October 23, 1958, and the order of November 21, 1958. Also, on November 12, 1958, Oscar E. Buder, in his personal capacity, was granted an appeal from the order of October 23, 1958, dismissing his personal motion of January 5, 1954, to require the Executor of the Estate of Sophie Franz, deceased, to pay the mentioned judgment of the circuit court as filed in said estate; and the probate court also overruled, on November 14, 1958, the exceptions filed on October 31, 1958, by Oscar E. Buder, d. b. n. of the Estate of Sophie Franz, deceased, to the said settlement, as surcharged, and denied the personal claim of Oscar E. Buder based on the mentioned judgment for $52,686.87. As stated, only Oscar E. Buder, in his representative capacity as Executor d. b. n. of the Estate of Sophie Franz, deceased, has appealed from the judgment entered by the circuit court in the consolidated case.

Appellant says the appeal to this court is from the judgment of the Circuit Court of the City of St. Louis, as entered January 12, 1962, in the consolidated case in favor of defendant G. A. Buder, Jr., Executor of the Estate of G. A. Buder, deceased, and against Oscar E. Buder, Executor d. b. n. of the Estate of Sophie Franz, deceased, and that the appeal involves a claim on behalf of the Estate of Sophie Franz, deceased, as shown by evidence offered on behalf of the estate for amounts totaling $150,647.28 and

interest in the sum of $222,677 as computed to January 1, 1960.

It is appellant's theory that the appeal necessarily involves a detailed accounting of the assets of the Estate of Sophie Franz, deceased, and the questioned items relating to the accounting are numerous and involve many details, including a consideration of the original inventory filed in the Sophie Franz Estate, the twenty-six annual settlements filed therein by G. A. Buder, as executor of said estate, in the course of the administration of said estate, also the settlement of October 6, 1953, which was filed as a final settlement. The case also involves a consideration of the audit of all accounts by Peat, Marwick, Mitchell & Co., Certified Public Accountants, upon which audit the final settlement of October 6, 1953 was based, the special audit and report of L. Ray Schuessler & Company, Certified Public Accountants, upon which the appellant relies, the report of Cornell & Company, Certified Public Accountants dated August 14, 1930, which was filed in the Federal court in a cause there pending, and an innumerable number of other documents. The transcript on this appeal contains more than 600 pages, exclusive of more than 100 exhibits that have been filed. Appellant states that the question of approval of the final settlement of G. A. Buder, as Executor of the Estate of Sophie Franz, was "tried" in the Probate Court of the City of St. Louis on seventeen different days over a period of one year, and that in about three years and three months thereafter the probate court rendered its decision approving the "so-called" final settlement to death, as surcharged. Appellant further states that the issues in the probate court were the same issues which were subsequently presented to the Circuit Court of the City of St. Louis and as are now submitted to this Court.

Appellant also states that a decision in Case No. 16900-E will dispose of the entire appeal insofar as this case is concerned, and that "this case, as presented to this Court, is an attack on the jurisdictional right of

the Probate Court to approve on October 23, 1958, the final settlement [of the deceased prior executor, as filed on October 6, 1953] in a proceeding for the accounting for assets filed against the said [deceased] Executor's Estate, and [is] a suit for judgment against the Estate of G. A. Buder in behalf of the Estate of Sophie Franz for assets in the amount of $373,324.28, including interest, computed to January 1, 1960."

The four appeals from the probate court were consolidated and heard on appeal in the Circuit Court of the City of St. Louis, in a trial de novo, on June 20 to 24 inclusive, 1960, and a new judgment was entered in the said circuit court on January 12, 1962.

Since appellant states that a decision in Case No. 16900–E will dispose of this appeal, we shall first quote from appellant's brief, as follows:

"Plaintiff's theory of the proper correction and treatment for G. A. Buder's final settlement is set out in Plaintiff's Exhibit 20, a 'Special Audit and Report on the accounting of G. A. Buder, as Executor of the Estate of Sophie Franz, deceased.' Schedule A of that audit reconstructs the final settlement in terms of money actually received by G. A. Buder and deposited in the Executor's bank account or with the Custodian Mutual Bank & Trust Company, and money actually disbursed by him out of those bank accounts.

"Among other changes thereby effected, it eliminates the alleged receipt from the Trustees G. A. Franz and G. A. Buder as due from Buder & Buder of $55,948.87 (and the corresponding set off of $10,062.87, reducing that alleged receipt to $45,886.00), and it also eliminates the alleged disbursement of $50,000.00 to Buder & Buder as a part of the judgment for $52,686.87.

"Schedule A of the audit eliminates other receipts where the money was not deposited in the Executor's bank account, and comes out showing that G. A. Buder had $6,493.12 more to distribute on October 6, 1953, than he showed in his final settlement.

"Schedule B is the second part of the audit, and in the main this schedule charges G. A. Buder with the same sums with which he charged himself in the final settlement without producing the money, including the sum of $6,493.14 [sic] mentioned just above, and adds to them a charge for interest on the basis of the time those sums were withheld by him from the Estate of Sophie Franz. However, in dealing with the sums of $21,069.11 and $34,879.76, shown by the settlement to be due from Buder & Buder to the Trustees G. A. Franz and G. A. Buder, and from them to the Sophie Franz Estate, Schedule B treats this amount plus a previous deduction of $2,686.87, as due the estate from G. A. Buder and charges him accordingly, for the reason that the money was under his control on August 14, 1930, and that he charged himself with it for the first time on October 6, 1953. It also charges him with the commissions he paid himself in the amount of $61,554.06. The net effect of Schedule B is to surcharge the Estate of G. A. Buder with principal amounts totaling $150,647.28, and interest of $222,677.00 for a total of $373,324.28, as mentioned above.

"This audit recognizes that the judgment in favor of G. A. Buder and Oscar E. Buder in the amount of $52,686.87 has not, in fact, been paid, but G. A. Buder is charged with the accruing interest on the judgment, and so, out of the amount recovered from the Estate of G. A. Buder, it would follow that this judgment would be paid to Oscar E. Buder and the Estate of G. A. Buder with interest."

Since the final settlement of G. A. Buder, Executor of the Estate of Sophie Franz, deceased, as filed October 6, 1953, in the Probate Court of the City of St. Louis is particularly in issue here, we shall set out a portion of the exhibit. Attached to this exhibit, as offered by appellant, is the following notation:

"The attached is the final settlement of G. A. Buder filed in the Sophie Franz Estate on October 6, 1953, and constitutes the

first portion of Plaintiff's Exhibit 5. The balance of said Exhibit 5 consists of a memorandum of distribution filed on the same day, October 6, 1953, and a supplemental memorandum of distribution filed on December 16, 1953. On December 26, 1953, distribution of all of the assets of the estate was ordered by the Probate Court in accordance with these memoranda of distributions, said order being Plaintiff's Exhibit 6."

A part of the mentioned final settlement is as follows:

"FINAL SETTLEMENT

"Receipts

| | | | |
|---|---|---|---|
| "Stocks as per twenty-sixth settlement | | | $ 963,681.25 |
| Bonds and stocks of St. Louis-San Francisco Railway Company as per twenty-sixth settlement | | | 29,778.00 |
| United States Defense Bonds as per twenty-sixth settlement | | | 116,328.00 |
| Secured notes as per twenty-sixth settlement | | | 40,500.00 |
| United States Treasury Bonds as per twenty-sixth settlement | | | 226,687.40 |
| Cash as per twenty-sixth settlement | | | 398,961.55 |
| | To balance due from Buder and Buder representing amount due G. A. Franz and G. A. Buder, Trustees, not included in inventory, as evidenced by item 'With Buder and Buder for investment' as per Cornell and Company report dated August 14, 1930 | $21,069.11 | |
| | 'Cash on deposit Mercantile-Commerce Bank and Trust Company' to credit of G. A. Franz and G. A. Buder, Trustees, as per Cornell and Company report dated August 14, 1930, not included in inventory | 34,879.76 | |
| | | $55,948.87 | |
| | Less amount due G. A. Franz and G. A. Buder, Trustees, as per Cornell and Company report dated June 22, 1931, covering Sophie Franz Estate | –10,062.87 | |
| Total net amount not included in inventory | | | 45,886.00 |
| July 31, 1930 | To interest received from Arc Realty Company on $200,000.00 loan inadvertently omitted from first settlement | | 2,500.00 |
| Mar. 31, 1932 | To error in deducting commission in third settlement based on cancellation of notes of various legatees aggregating $290,000.00 | | 14,500.00 |
| Aug. 1, 1933 | To interest received on Trustee's checking account for period from May, 1930 to July, 1933 | | 1,064.94 |
| Oct. 10, 1936 | To dividend of $1.00 per share on 2,500 shares of capital stock of General Refractories Company inadvertently omitted from tenth settlement | | 2,500.00 |
| [page 1] | | Carried forward | $1,842,387.14 |

| | | Brought forward | $1,842,387.14 |
|---|---|---|---|
| Nov. 24, 1936 | To typographical error on eleventh settlement resulting in additional balance to be accounted for on sale of 15,000 Southern Natural Gas Bonds | | $ 20.00 |
| Dec. 30, 1937 | To 18 months interest received on $25,000 loan of H. C. Becker inadvertently omitted from twelfth settlement | | 1,875.00 |
| Nov. 10, 1939 | To error in fourteenth settlement in computation of interest on H. C. Becker loan at $83.33 instead of $840.28 | | 756.95 |
| Feb. 27, 1941 | To interest received on Mutual Bank and Trust Company Certificates of Deposit inadvertently omitted from fourteenth settlement | | 375.00 |
| Mar. 16, 1941 | To signboard rental, property at 7550 North Broadway, inadvertently omitted from fourteenth settlement | | 17.50 |

[page 2] * * *"

(The remaining portion of the settlement may be referred to if it is necessary to do so in ruling the issues presented.)

Appellant's position on this appeal is further stated, as follows: "G. A. Buder's final settlement * * * shows the Executor charging himself for the first time with a number of items under 're-ceipts,' that arose from much earlier periods. In particular, on the first page of the settlement, there is picked up as cash due G. A. Franz and G. A. Buder, Trustees, as of April 14, 1930, from Buder & Buder (a partnership consisting of G. A. Buder and Oscar E. Buder that existed from 1908 until 1946) the amount of $21,069.11 described as '"with Buder & Buder for investment" as per Cornell and Company report dated August 14, 1930,' and '"Cash on deposit Mercantile-Commerce Bank & Trust Company" to credit of G. A. Franz and G. A. Buder, Trustees, as per Cornell and Company report dated August 14, 1930, not included in inventory' in the amount of $34,879.76, for a total of $55,948.87.

"However, after April 14, 1930, the account 'G. A. Franz and G. A. Buder, Trustees' on the books of Buder & Buder was maintained as an open account. The Trustees withdrew the $21,069.11, and on December 31, 1946, the Trustees then owed Buder & Buder $22,630.86. No part of the $34,879.76 ever reached the books of Buder & Buder or the Buder & Buder bank account.

"Immediately after listing these so-called receipts, the Executor sets off against them $10,062.87, an amount said to be due the same Trustees (for commissions) as per a report by the same accountants dated June 22, 1931. Thus, the final settlement purports to pick up as assets of the estate money due G. A. Franz and G. A. Buder, Trustees, from the dissolved partnership of Buder & Buder in the net amount of $45,886.00. The previous settlements, sixteenth to the twenty-sixth, inclusive, (Plaintiff's Exhibit 4), had shown cash on hand with Buder & Buder in the amount of $634.24. Average monthly balance cards of Buder & Buder's bank account (Plaintiff's Exhibits 27–28, T. 273–280) show that the money was not with Buder & Buder, and that Buder &

Buder's bank account was at times overdrawn.

"Against the net figure of $45,886.00 on page 1 of his final settlement, and other receipts from earlier periods, the Executor purports to set off on page 7 thereof a judgment in favor of G. A. Buder and Oscar E. Buder against the Estate entered in the St. Louis Circuit Court on July 15, 1953, in the amount of $52,686.87 * * * ."

Before reviewing appellant's position further, we must consider the judgment entered in the consolidated case from which this appeal was taken, particularly the finding of facts, conclusions of law and judgment entered by the circuit court on January 12, 1962. It is, in part, as follows:

"The court finds that the final settlement of G. A. Buder, Executor of the Estate of Sophie Franz, deceased, and Memorandum for Distribution of said estate was [sic] filed in the Probate Court of the City of St. Louis, Missouri, on October 6, 1953. Said settlement and memorandum were prepared after an examination of the records of the estate by Peat, Marwick, Mitchell and Company, certified public accountants, and were based on the result of said examination. Legatees of said estate, including those who theretofore had questioned the actions of the executor, were consulted along with their counsel during the preparation of the final settlement. Messrs. Friday and Doerner, attorneys for legatees who were entitled to six-ninths of the estate, raised one specific objection to the preliminary draft of the final settlement regarding an item of commission taken by the executor as shown by this third settlement. The final settlement was revised in accord with their request and the estate enhanced thereby. Notice of final settlement was duly published. The final settlement as finally filed was submitted to the legatees for their examination and suggestions. No objections were made thereto. Various legatees and their counsel wrote letters to counsel for the executor specifically approving the final settlement.

"On December 26, 1953, distribution was ordered by the Probate Court in accordance with the memorandum for distribution and a supplemental memorandum for distribution which had been filed December 16, 1953. No exceptions were filed by any legatees nor was any appeal taken by any legatees from said order of distribution. The time for appeal from said order of distribution has expired.

"Distribution was made in accordance with the order and eight-ninths (8/9ths) of the legatees gave final receipts to G. A. Buder, Executor, stating that the bequests to them had been fully satisfied.

"The remaining one-ninth (1/9th) interest was the share of G. A. Franz which became involved in litigation in the case of G. A. Buder v. Orval C. Sutter, administrator of the estate of G. A. Franz, deceased, No. 201953 in the Circuit Court of St. Louis County, Missouri, filed on January 8, 1954. The opinion of the Supreme Court of Missouri on the appeal in said cause, Buder v. Walsh, 314 S.W.2d 739, 748, the petition in said cause and the judgment and decree therein reveal that the representatives of the G. A. Franz Estate recommended to the Court that their estate accept the amount shown due G. A. Franz by the order of distribution. The Supreme Court ordered judgment entered in accordance with this suggestion of the representatives of the G. A. Franz Estate and the trial court entered its judgment and decree accordingly. * * *"

Specifically, with respect to Appeal No. 16900–E, the court further found:

"This is an appeal of Oscar E. Buder, Executor, d. b. n., taken November 7, 1958, from the order of the Probate Court dated October 23, 1958, approving the final settlement of G. A. Buder, executor, as surcharged, under the Court's superintending power and specifically overruling the exceptions of the executor d. b. n. to the credit of $50,000.00 (adjusted from the sum of $52,686.87) appearing on page 7 of said settlement.

"This appeal fails to raise any issue on which relief can be granted.

"1. The issues raised in the Probate Court respecting the final settlement of G. A. Buder as they appear in the 'Motion of Oscar E. Buder, executor d. b. n. of the Estate of Sophie Franz' relate to five specific items. (For disposition of fifth item see No. 15752–E.)

"The executor d. b. n. has abandoned his claims with respect to four of those items, to-wit:

"(a) $24,997.49 representing cash payable to G. A. Franz per the order of distribution;

"(b) $97,500.02 assigned by various legatees to G. A. Franz and G. A. Buder;

"(c) $33,205.98, being the balance in a personal bank account of G. A. Buder at Mutual Bank and Trust Company; and

"(d) $45,886.00 which was listed as an asset of the estate of Sophie Franz in the final settlement and which the executor d. b. n. sought to remove from the assets of said estate."

Specifically, with reference to Case No. 18,675–E the circuit court found, as follows:

"1. This Court has no jurisdiction of this appeal. This is an appeal of Oscar E. Buder, executor d. b. n., taken November 21, 1958, from the order of November 14, 1958, dismissing new exceptions filed October 31, 1958, by the executor d. b. n. to the Final Settlement of G. A. Buder, Executor. This order was entered after the executor d. b. n. had previously appealed on November 7, 1958, to the Circuit Court No. 16,900–E from the Probate Court order of October 23, 1958, approving the Final Settlement. Said appeal was allowed November 7, 1958. The appeal in No. 16,-900–E transferred jurisdiction to the Circuit Court of all matters pertaining to the Final Settlement of G. A. Buder, executor, insofar as the executor d. b. n. was concerned. Thereafter, the Probate Court had no jurisdiction to act further on new matters raised by the executor d. b. n. with respect to the Final Settlement. The Probate Court having no jurisdiction in this matter, this Court acquired none. Said appeal is void ab initio.

"2. Of the claims pleaded for the first time in the objections and exceptions filed October 31, 1958, by the executor d. b. n., which are the basis for appeal No. 18,675–E, the ones briefed by the executor d. b. n. relate to the following entries appearing in the Final Settlement to G. A. Buder, to wit:

"(a) Credit for payment of personal property taxes $17,204.98.

"(b) Notation of commissions payable to G. A. Franz and G. A. Buder, trustees, of $10,062.87.

"In addition, the executor d. b. n. briefed a claim for interest.

"The claims for $17,204.98, $10,062.87 and this claim for interest are not found in the petition, as amended, of the executor d. b. n. on which trial was had in the Probate Court. (See Docket No. 16,900–E.)

"3. On the evidence adduced, the Court finds:

"a. G. A. Buder, executor, properly took credit for the payment of 1930 personal property taxes in the sum of $17,204.98. Said taxes were chargeable against Sophie Franz at the time of her death, April 14, 1930. Payment of said taxes was made on December 30, 1930.

"b. The sum of $10,062.87 is not an asset of the Estate of Sophie Franz. This amount was set-off by G. A. Franz and G. A. Buder, trustees, as per Cornell & Company report dated June 22, 1931, from amounts said trustees owed to the executor of the estate of Sophie Franz at the time Franz and Buder, trustees accounted to the Estate of

Sophie Franz for amounts due from said trustees. None of the legatees excepted to this item when it appeared in the Final Settlement of G. A. Buder.

"c. No interest is owing the Sophie Franz estate by G. A. Buder, the deceased executor.

"The Court further finds if there was any claim for interest it was known to the heirs and any such claim is barred by laches for failure to bring same prior to this proceeding. In 1943, Johanna F. Fiske, et al., legatees of Sophie Franz, by their attorney, Jesse T. Friday, filed a motion in the Probate Court in which interest claims were raised by the legatees on funds held by the executor. Said matters were disposed of by consent of all the interested parties. In 1946, in Buder v. Fiske, 8 Cir., 174 F.2d 260, a judgment was entered in the Federal Court against G. A. Buder and G. A. Franz for $98,410.00 representing interest payable to the legatees for the period after the death of Sophie Franz on assets which were a part of the Sophie Franz Probate Estate. The relevant facts are summarized in Buder v. Walsh, Mo., 314 S.W.2d l. c. 741–742.

* * * * *

"The legatees and their counsel were fully conversant with the affairs of the estate. They were aware that funds were with Buder & Buder. During the entire course of administration they were engaged in litigation. With all of their knowledge, they reviewed the final settlement and accepted the amounts ordered distributed to them in full satisfaction of their claims. The legatees are estopped from raising any claim for interest at this time. Oscar Buder, executor d. b. n., as their representative, standing in their shoes, is also estopped.

"4. To the extent that No. 18,675–E is an appeal from the order of October 23, 1958, approving the Final Settlement, as surcharged, it is superfluous. Such an appeal had already been taken by the executor d. b. n. in No. 16,900–E."

Docket No. 15,752–E is the appeal of Oscar E. Buder in his personal capacity as a creditor of the Estate of Sophie Franz, deceased, from the order of the probate court finding that a certain judgment for $52,686.87 in favor of Oscar E. Buder and G. A. Buder and against said estate had been paid and satisfied. The same issue was sought to be raised in Docket No. 16,900–E, the appeal by Oscar E. Buder, executor d. b. n. of the Estate of Sophie Franz, deceased. The circuit court in ruling this issue made the following finding:

"2. The remaining claim of the executor d. b. n. is that a judgment for $52,686.87 obtained by Oscar Buder and G. A. Buder against the estate of Sophie Franz allegedly has not been paid. The Probate Court specifically found that this judgment has been paid and satisfied by the Sophie Franz Estate. The estate of Sophie Franz benefited from this order of the Probate Court. Oscar Buder, executor d. b. n., is not aggrieved by said judgment and has no right to appeal therefrom.

"This Court further finds on the evidence that this judgment had been paid and satisfied.

"The judgment of $52,686.87 obtained by Oscar E. Buder and G. A. Buder as partners in the firm of Buder & Buder against the Sophie Franz Estate was paid by said estate by a set-off against amounts due to the Executor of the Estate of Sophie Franz from Buder & Buder. Oscar Buder, as executor d. b. n. of the Sophie Franz Estate, occupies a position contradictory to the interests of that estate when he denies that the estate which he represents is entitled to assets owed that estate by his former firm.

"3. The executor d. b. n. was not aggrieved by the Probate Court acting under its superintending power to surcharge G. A. Buder, Executor. The executor d. b. n. has no right of appeal from that action of the Probate Court.

"4. Oscar Buder, as executor, has no right of appeal from the order of the Pro-

bate Court dismissing the appeal of Oscar Buder as a creditor for the payment of the judgment of $52,686.87. The executor d. b. n. is not aggrieved by this order. This Court has no jurisdiction of said appeal."

The circuit court also in ruling specifically with respect to appeal No. 15752–E found that said judgment for $52,686.87 had been paid and discharged by the Estate of Sophie Franz, deceased.

Specifically, with respect to appeal No. 17569–E, an appeal by G. A. Buder, Jr., Executor of the Estate of G. A. Buder, deceased, the court found that this appeal was from the surcharge order in the sum of $32,103.22 and the order overruling the exceptions thereto. The probate court, on its own motion, had placed a surcharge against G. A. Buder, executor, for $6,379.50 on the ground that said executor had failed to distribute the share of G. A. Franz in accordance with the order of distribution entered by the probate court on December 26, 1953, hence that he was not entitled to commissions thereon. The probate court, on its own motion, had also surcharged G. A. Buder, executor, in the sum of $25,724.-07 on account of an alleged liability for interest on the sum of $124,914.70. The circuit court, after a detailed review of the evidence before it with reference to the right to commissions and the liability for interest, found that G. A. Buder, Jr., legal representative for G. A. Buder, deceased, was entitled to the commissions on the distribution of interest of G. A. Franz, in said estate, and that the executor was not liable for interest to the Estate of Sophie Franz, deceased, on the ground that the legatees waived any right to such interest in view of the facts reviewed in the decree.

The court concluded its finding with reference to the final settlement of October 6, 1953, as approved October 23, 1958, as follows:

"The Court finds that the executor d. b. n., as representative of the legatees of the Estate of Sophie Franz, is estopped from making any claims on their behalf.

"The legatees accepted the Final Settlement and Distribution of G. A. Buder with full knowledge of all the facts. The settlement with the legatees was made long before Oscar Buder was appointed executor d. b. n

"The legatees of Sophie Franz had been in litigation both in the Probate Court and other courts involving the affairs of Sophie Franz during the entire course of the administration of her estate. The majority of the legatees had been represented throughout that litigation by independent counsel. This litigation was finally disposed of in 1953, and attention immediately turned to the final settlement of the Sophie Franz Estate. The legatees reviewed G. A. Buder's final settlement. Certain recommendations of the legatees were incorporated therein. It was agreed that the executor would claim no commissions on the sum of $290,000.00, to-wit, $14,500.00. None of the legatees filed objections to said settlement as filed. None appealed from the Court's order of distribution wherein the Court ordered the entire estate distributed. Eight-ninths (8/9ths) of the legatees receipted for their distributive shares, acknowledging that it was in full satisfaction of all amounts due them. The remaining one-ninth (1/9th) was the share of G. A. Franz. In the litigation which ensued involving this share the representatives of the Estate of G. A. Franz recommended that their estate accept the amount shown due by the order of distribution. The legatees were satisfied.

"Notwithstanding that the legatees had been fully satisfied, after the death of G. A. Buder, Oscar Buder, as executor d. b. n., instituted this litigation. He is estopped by the actions of the legatees in whose shoes he stands from asserting these claims against the former executor."

On the basis of the aforesaid findings, the circuit court adjudged that the final settlement of G. A. Buder, executor of the

Estate of Sophie Franz, deceased, be approved as filed; that Oscar E. Buder, executor d. b. n. of said estate, take nothing by reason of Causes Numbered 16,900–E, 18,675–E and 17,569–E; that Oscar E. Buder as an individual take nothing by reason of Cause No. 15,752–E; that G. A. Buder, Jr., executor of the Estate of G. A. Buder, deceased, be discharged and go hence without day as to said cause of action; and that the cost of this proceeding be paid by Oscar E. Buder, individually, and let execution issue therefor.

To summarize: The judgment entered by the circuit court on the trial de novo of the four appeals from the probate court is the judgment for review on this appeal and it may be summarized as follows:

(1) The circuit court approved the final settlement of October 6, 1953, as filed, and recovery was denied the executor d. b. n. in Case No. 16,900–E on the theory that the specific matters raised in the "Motion to Account," as presented and ruled in the probate court, had been abandoned on appeal to the circuit court, except for the claim alleged to be due Buder & Buder, which the court held had been paid. As to this item, the court found that the executor d. b. n. was not aggrieved by the holding of the probate court as to said payment and he had no right of appeal, nevertheless the circuit court held that the judgment had, in fact, been paid and satisfied.

(2) The circuit court disposed of Case No. 18,675–E on the theory that the circuit court had no jurisdiction of the appeal, because it involved an attempt to appeal from an order of the probate court with reference to a final settlement which had previously been ruled by the probate court and transferred to the circuit court by a prior appeal. The circuit court nevertheless reviewed the objections and exceptions in some detail and denied recovery. In so reviewing the attempted appeal, the circuit court gave Case No. 18,675–E more consideration than it was entitled to receive since appellant's counsel had announced to the court before the hearing of the consolidated case, as follows: "* * * we don't care anything about that case, we are not going to trial on that case on those Exceptions. * * * I thought all the time that 18,675–E, those Exceptions, as a matter of fact, were not proper, and just as a matter of form I filed them and got the Court to rule on them; but I am not trying the case on those exceptions at all * * *. I am not going to introduce any evidence under 18,675–E * * *. It is 16,900–E we want to proceed on, if the Court please. If we just try this 16,900–E, the other matters will take care of themselves."

(3) The circuit court, in Case No. 15,-752–E, denied the appeal of Oscar E. Buder, in his personal capacity as a creditor, on the theory that the claim was paid and discharged by the Sophie Franz Estate.

(4) The circuit court disposed of Case No. 17,569–E, which is the appeal of G. A. Buder, Jr., Executor of the Estate of G. A. Buder, deceased, from the surcharge order, by denying the surcharge entered by the probate court on its own motion against said deceased executor's estate, and by holding that the commissions claimed were earned and due, and that the estate of the deceased executor was not chargeable with the interest claimed. The court further found that recovery of interest was barred by laches, estoppel and waiver.

In this opinion it will not be possible to review all of the facts upon which appellant relies in his statement of facts covering ninety-three printed pages of his brief, nor the additional facts stated in respondent's statement covering thirty-seven pages of his brief.

We shall first consider appellant's third assignment of error, as follows: that the court erred in holding the judgment of $52,686.87 obtained by G. A. Buder and O. E. Buder against the Estate of Sophie Franz was paid by said estate by a setoff of amounts due said estate by Buder & Buder as set out in the "unapproved" final settlement filed October 6, 1953. This was the

second of the five specific items mentioned in the "Motion to Account" and it was the only such item which the trial court found had not been subsequently abandoned. In view of the conclusion we have reached it will not be necessary to review the six sub-points appellant has presented and briefed under this assignment.

The record shows that on January 5, 1954, Oscar E. Buder, in his personal capacity as an individual, filed an application in the probate court to require G. A. Buder, Executor of the Estate of Sophie Franz, deceased, to pay the mentioned circuit court judgment entered July 15, 1953, against the estate and thereafter filed, allowed and placed in the sixth class of demands of said estate. The application (Case No. 15,-752-E) was defended by G. A. Buder, executor, on the ground that the claim had been satisfied by setting off against said sum the amounts due from Buder & Buder, and that, as a result, the claim was paid and the partnership of Buder & Buder owed the estate a balance of $4,989.60. On October 23, 1958, after G. A. Buder's death, the application of Oscar E. Buder for an order for the payment of the amount of said claim into the circuit court, where the original judgment had been entered, was dismissed by the probate court on the ground that the subject matter of said application had been disposed of by the ruling of the court on the settlement of the executor and the pleadings of the executor d. b. n. in opposition thereto.

Oscar E. Buder, as a creditor of said estate, appealed from said order to the circuit court where, as hereinbefore stated, the circuit court also found that the said judgment had been paid and discharged by the Estate of Sophie Franz, deceased, and ordered "that Oscar E. Buder as an individual take nothing by reason of Cause No. 15,752-E."

Oscar E. Buder, in his personal capacity as a creditor of the estate, filed no motion for a new trial in the circuit court and took no appeal to this court from the judgment in the consolidated case, hence the adverse judgment against him in the circuit court to the effect that the claim had been paid and discharged became final and is res adjudicata. See Sec. 472.250 RSMo 1959, V.A.M.S. Oscar E. Buder, executor d. b. n., however, seeks to raise the same issue in his representative capacity and to require the estate, which he is now administering, to pay this judgment to himself in his private capacity. There was no appointment of an administrator pendente lite to represent the estate of Sophie Franz, deceased, with reference to this claim in the probate court prior to its determination on October 23, 1958 that the claim had been paid; nor was such an administrator subsequently appointed in the circuit court, nevertheless the circuit court made the finding against the executor d. b. n. as hereinbefore set forth and for the reasons therein stated. We must and do further hold that Oscar E. Buder, in his representative capacity as Executor d. b. n. of the Estate of Sophie Franz, deceased, was not prejudiced in any way by the judgment of the probate court denying the claim filed in his private or personal capacity against said estate, nor was he prejudiced by the judgment of the circuit court, holding to the same effect as the probate court, to wit: that said judgment had been paid and discharged, hence he may not validly present that issue on this appeal. Since his claim in his personal capacity against said estate is barred by the judgment of the circuit court, he will not be permitted in his representative capacity to complain in this court of his inability as executor d. b. n. to pay the claim to himself as a private individual.

Appellant's first point under points and authorities is that the circuit court erred in failing to try the motion to account for assets and consider only the direct relationship of the Estate of Sophie Franz as a creditor and the Estate of G. A. Buder, defendant, as debtor.

The transcript of the record presented to us on this appeal wholly fails to show that appellant made any request that the cause be

tried in the circuit court on the motion to account alone, rather than on specific orders of the probate court. Therefore, no such issue was presented to or ruled by the circuit court. Supreme Court Rule 83.-13(a), V.A.M.R. is applicable and it provides that "no allegations of error shall be considered in any civil appeal except such as have been presented to or expressly decided by the trial court." The record does show that the matter of the approval of the final settlement, as filed on October 6, 1953, and the motion of Oscar E. Buder, executor d. b. n. of said estate (to require the Estate of G. A. Buder, deceased, to account), were heard and submitted together in the probate court on July 19, 1955. As heretofore stated, a judgment was entered thereon on October 23, 1958, and appellant took an appeal therefrom to the circuit court on October 31, 1958. When this appeal and the other appeals reached the circuit court they were, on June 6, 1960, consolidated *by consent* for trial before the circuit court, and extended evidence was then heard thereon. Judgment was then entered in the consolidated case and appellant alone, in his representative capacity, appealed from the judgment entered. Since the record does not support appellant's first assignment it must be overruled.

Appellant further contends that the court erred in failing "to render judgment in favor of the Estate of Sophie Franz and against the defendant's Estate of G. A. Buder in the principal amount of $150,647.28 and interest to date of judgment." This assignment wholly fails to "concisely state why it is contended that the court was wrong in any action or ruling sought to be reviewed." The assignment is also entirely too general to entitle it to any consideration.

Appellant next says that "the court erred in failing to find the executor had not accounted for the assets set out in plaintiff's Exhibit 20, Schedule B and that the court had no equitable jurisdiction to consider the attempted set offs made by the executor." It will be noted that this assignment contains two totally different propositions, neither of which comply with Supreme Court Rule 83.05(e). Plaintiff's Exhibit 20, Schedule B, being the Special Audit and Report prepared by L. Ray Schuessler & Company, was supported by the testimony of Mr. Schuessler as to his reasons and findings with reference to the handling by G. A. Buder, as executor of the Estate of Sophie Franz, deceased, beginning with the inventory in 1930 and following through the twenty-six annual settlements and including the proposed final settlement filed on October 6, 1953. This Special Audit and Report to Oscar E. Buder, Executor d. b. n. of the Estate of Sophie Franz, deceased, closed with these words: "In making our examination and in preparing the accompanying schedules, required legal opinions and authorities were furnished by you and your attorney, Mr. James J. Milligan." With reference to the items on which interest was charged against the deceased executor's estate, Mr. Schuessler testified: "We used our own judgment on it and where it looked like it was just an error or something that wasn't cash that should have been accounted for and was not, we didn't figure the interest. Maybe we should have, but we didn't." Witness Schuessler's testimony from time to time indicated that his audit represented his conclusions in many respects. For example, he referred to the audit of Cornell & Company dated August 14, 1930 and said with reference to a certain item that he had figured interest on it from August 14, 1930 to January 1, 1960 in the sum of $41,-877.84. He said the interest was figured "by virtue of G. A. Buder having control of said money and having charged same as a receipt." He admitted that he had acted upon his conclusion as to G. A. Buder having control of the money and he had made the report in accordance with his own conclusions, since he believed the executor had not turned over the principal amount to the Estate of Sophie Franz or deposited it in either of the executor's two accounts with which he was familiar.

The settlement of October 6, 1953, as filed by G. A. Buder as such executor, was based upon the finding of Peat, Marwick, Mitchell & Co., and this audit was supported by the testimony of P. G. Wilson, a Certified Public Accountant, connected with said accounting firm. Mr. Wilson had also examined the report of Cornell & Company, Certified Public Accountants, who had previously prepared a report which was before the U. S. Circuit Court of Appeals in the case of G. A. Buder et al. v. Fiske, reported in Cir. Ct. of Apps., 8th Cir., 174 F.2d 260, 276.

Appellant has reviewed the testimony of Mr. Schuessler to the extent of thirty pages of his printed brief and has also reviewed the testimony of Mr. Wilson to the extent of twenty-two printed pages of the same brief. It is, of course, impossible in this opinion to fully review the testimony of these witnesses, the various exhibits, the facts shown, the conclusions reached by the different accountants, the conflicts in the testimony of the witnesses or their respective theories as to a proper account. It is enough to say that the credibility, weight and value of the oral testimony presented before the circuit court was, in the first instance, for the court to consider in connection with the documentary evidence referred to and relied upon. In this court we must defer to the circuit court's findings where based upon oral testimony unless convinced that such findings are clearly erroneous.

The second portion of the last mentioned assignment of error is to the effect that the circuit court had no equitable jurisdiction to dispose of the problems presented on the appeal from the probate court.

In considering this assignment of error and all others, it must be remembered that Oscar E. Buder, Executor d. b. n. of the Estate of Sophie Franz, deceased, is the sole appellant from the judgment entered in the circuit court in the consolidated case; and that we have held, as stated, that Oscar E. Buder's appeal in his representative capacity as executor d. b. n. did not bring up for review that part of the consolidated judgment entered against him in his personal capacity in Case No. 15,752–E.

Appellant, executor d. b. n., further contends that the settlement approved October 23, 1958, is not binding upon him as executor d. b. n. because "the jurisdiction of the probate court was limited to requiring the estate of the deceased Executor, G. A. Buder to account for the assets of the Estate * * * to the plaintiff Successor Executor under Section 461.550, RSMo 1949 [V.A.M.S.] (Now Sec. 473.603)." Appellant also says that the probate court and circuit court were limited to an accounting by the estate of the deceased executor to the executor d. b. n. and had *no jurisdictional power,* after the death of said prior executor, to approve the purported final settlement filed by the prior executor. These assignments are followed by others along the same line. For example, in the first part of appellant's statement of facts it is said that a decision by this court in Case No. 16,900–E will dispose of the entire appeal from the judgment entered in the consolidated case, and it is further said that: "* * * this case as presented to this Court is an attack on the jurisdictional right of the Probate Court to approve on October 23, 1958, the final settlement, in a proceeding for the accounting for assets filed against the said Executor's Estate." At another place the appellant says that the jurisdiction of the circuit court was limited on appeal from the probate court to those matters which the probate court might have considered within its statutory power and, therefore, it had *no equitable jurisdiction* to go into the elements of the setoff. Appellant further contends that the probate court "had no jurisdiction under the statutes of Missouri to approve the settlement of a dead executor after the appointment on April 24, 1954, of Oscar E. Buder as executor d. b. n." Appellant also says that the circuit court erred in holding that G. A. Buder, executor, could, on October 6, 1953, offset $10,063.87 commissions claimed

by the Trustees G. A. Franz and G. A. Buder against money from the Estate of Sophie Franz, deceased, which came into the control and possession of the executor on August 14, 1930, because the statute of limitations had run and *it was an equitable matter over which the probate and circuit court had no jurisdiction* and it was res adjudicata. (Italics ours.)

It is, therefore, apparent that one of the essential issues sought to be considered on this appeal is whether the probate court, on October 23, 1958, and, thereafter, the circuit court, on January 12, 1962, after the death of G. A. Buder, had jurisdiction to consider the final settlement of October 6, 1953, as filed in the probate court, and also had sufficient equitable jurisdiction to approve the settlement as filed, and to finally so dispose of the business before it. In any case, all of the evidence presented on this appeal was heard and considered by the circuit court in a trial de novo before the court; and that court heard the oral testimony and considered the numerous exhibits therewith.

It was *admitted* by the "parties that due notice of Final Settlement to all creditors and others interested in the Estate of Sophie Franz, deceased, was published by G. A. Buder, executor, under the will of Sophie Franz, deceased, pertaining to the filing of the Final Settlement and the making of final settlement and that the affidavit of publication was filed in the Probate Court on September 8, 1953."

In the trial of the consolidated case before the circuit court on appeal from the probate court the defendant offered the receipts of the distributees for property distributed pursuant to the order of distribution as entered by the probate court on December 26, 1953. Plaintiff objected to the receipts as offered on the ground that "there is no issue here that the assets, as called for in the distribution of December 26, 1953, were not delivered; in fact, this case is on the basis that they were delivered, and to bring in these receipts is merely cluttering the record." The receipts, however, were received in evidence.

We must also consider the situation existing at and prior to the time the final settlement was approved by the probate court on October 23, 1958. G. A. Buder had died on April 14, 1954, and G. A. Buder, Jr., had been appointed executor of his estate. Also, on April 24, 1954, Oscar E. Buder had been duly appointed Executor d. b. n. of the Estate of Sophie Franz, deceased. Oscar E. Buder had prior thereto, on the 5th day of January, 1954, filed his application in his personal capacity to require G. A. Buder, as Executor of the Estate of Sophie Franz, deceased, to pay the judgment of the circuit court in the sum of $52,686.87 as entered against the estate on July 15, 1953; however, the record fails to show the appearance of any other party claiming to have an unsatisfied claim against said Estate of Sophie Franz, deceased. Further, during the period between October 6, 1953 and October 23, 1958, it does not appear that any person, other than Oscar E. Buder, appeared claiming any interest whatever in said estate, and we have heretofore seen that Oscar E. Buder, in his personal capacity as a creditor of said estate, did not file a motion for new trial or appeal from the final judgment against him as entered in the circuit court on January 12, 1962. The record further fails to show that any other person claiming as an heir, legatee, devisee, or in any other manner had complained of the said final settlement, which had remained on file in the probate court unapproved for more than five years after it had been filed and distribution made. On the other hand, the evidence tends to show that all other interested parties had, in fact, approved the settlement and filed distributive receipts for their respective shares in the Estate of Sophie Franz, deceased.

We agree that "The filing of an account cannot, of itelf, constitute a settlement. A settlement is the act and judgment of the court, of which there must be some

record." Morehouse v. Ware, 78 Mo. 100, 103. However, in our case the settlement was approved by both the probate court and, later, by the circuit court after a trial de novo on appeal.

We further agree that insofar as the circuit court's jurisdiction was concerned, being derivative on appeal from the probate court, was no greater and no less than that which the probate court might itself have lawfully exercised. State ex rel. Kinealy v. Hostetter, 340 Mo. 965, 104 S.W.2d 303, 307 [5, 6].

With reference to the jurisdiction of the probate court, the Constitution of Missouri 1945 provides that: "There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business, to granting letters testamentary and of administration, * * * settling the accounts of executors, administrators, * * and of such other matters as are provided in this constitution." In the case of State ex rel. Baker v. Bird, 253 Mo. 569, 162 S.W. 119, 122, the court said: "Probate courts are specifically vested with jurisdiction to do certain things, and we think they should be permitted to invoke equitable principles in adjudicating all issues which, by the Constitution or statute, are expressly confided to their care." The same opinion indicates that the court was "not willing to concede that a probate court has jurisdiction to entertain a suit or proceeding, the sole basis of which is a demand for equitable relief, even though such relief should incidentally pertain to some matter of probate jurisdiction." Further, "The circuit court's jurisdiction, on appeal from the probate court, is appellate in its nature, and, while it hears the matter de novo, it tries only the issues presented in the probate court and on which the appeal was taken." In re Shelton's Estate, 338 Mo. 1000, 93 S.W.2d 684, 689 [7]. In the case of In re Frech's Estate, Mo.Sup., 347 S.W.2d 224, 227, it was held that the probate court had no jurisdiction of cases of purely equitable cognizance, and no jurisdiction unless such is expressly conferred by statute or necessarily incident to the proper exercise of duties directly imposed.

In re Thomson's Estate (Kopp v. Thomson et al.), 362 Mo. 1043, 246 S.W.2d 791, 797 [7, 8], 29 A.L.R.2d 1239, the court said: "The probate court has been given jurisdiction of the specialized function of supervising the administration of estates. We have often held that in determining matters within its jurisdiction a probate court may apply equitable principles. In re Jamison's Estate, Mo.Sup., 202 S.W.2d 879, 883. And in probate proceedings one may avail himself of an equitable defense so long as it is asserted purely defensively and does not involve the granting of affirmative equitable relief. Wilcox v. Powers, 6 Mo. 145; Evans v. York, Mo.App., 216 S.W.2d 124, 127. We perceive no reason why, if the probate court in a proceeding under Sec. 465.400 may apply the defense of equitable estoppel (recognized in this state as an available equitable defense to an action at law), it may not also apply the equitable defense of laches." The court further held "that at a hearing on an administrator's application for refund under the provisions of Sec. 465.400 the probate court and the circuit court on appeal may consider and apply any legal or equitable defense which may be asserted to defeat the right of the administrator, including laches of the administrator."

"In Johnston v. Grice, 272 Mo. 423, 199 S.W. 409, loc. cit. 410(1), this court said: 'Nothing is better settled than that the probate court is not a court of equitable jurisdiction, although it may, like other courts of law, consider and determine questions of an equitable nature incident to the exercise of its statutory jurisdiction. * * It may settle the accounts of executors and administrators, but this refers only to such accounts as are made in the performance of their duties as such. It has no reference to their accounts involving transactions in other capacities, whether as trustees or as individuals in their business relation.'" In re Franz' Estate, 359 Mo. 362, 221 S.W.2d 739, 741 [2-5].

In the case of In re Claus' Estate, Mo. App., 167 S.W.2d 372, 374 [2], the court said: "* * * the case having reached here on appeal, although it remains an action at law, the review by this Court is analogous to an accounting in equity, and, as such, it becomes our duty to review both the facts and the law." The rule has frequently been stated "that cases of this character are in the nature of equity cases and triable as such in the probate court and the circuit court and upon appeal from the circuit court. * * * Accordingly, our consideration of this case must be de novo, as in all equity cases." Enright v. Sedalia Trust Co., 323 Mo. 1043, 20 S.W.2d 517, 521 [2].

The Probate Court of the City of St. Louis did not (because of G. A. Buder's death) lose jurisdiction of the Sophie Franz Estate or of the settlement filed prior to G. A. Buder's death. His estate, like the Estate of Sophie Franz, was thereafter represented by their respective executors and competent counsel and, on October 23, 1958, under the detailed facts shown by this record, the Probate Court of the City of St. Louis had jurisdiction to enter its order and judgment approving the deceased executor's final settlement in said estate as theretofore filed on October 6, 1953, and to deny the Executor d. b. n.'s application to account, and for further relief. If the probate court had such authority at that time then there is no question but that the circuit court had authority "to hear, try and determine the same anew," as provided by Sec. 467.090 RSMo 1949, now Sec. 472.250 RSMo 1959, V.A.M.S.. We must and do hold that the probate court and the circuit court had, and this court now has, jurisdiction under the facts shown to determine the validity of the final settlement of October 6, 1953, and that in determining the issues presented this court may properly apply equitable principles.

Appellant further contends that "the Court erred in its finding of fact and conclusion of law that *no interest* is owing the Estate of Sophie Franz by the former executor *for the personal use of the money of the estate*, because the payment of such interest is mandatory." (Italics ours.) The circuit court did not rule the matter of interest in Case No. 16,900–E dealing with the final settlement and the motion to account.

Appellant's theory of his right to recover interest against the estate of the deceased prior executor is that all receipts of money due the Estate of Sophie Franz, deceased, should have been deposited in one of the two known and recognized bank accounts of the said deceased executor and unless so shown by the records of these banks such funds were assumed to have been misappropriated by the deceased executor for his own personal use. Appellant says that unless the money was paid into one or the other of the two banks, the former executor had "personal use of the money" and his estate must pay interest to the Sophie Franz estate.

Appellant cites Sec. 462.270 RSMo 1949, V.A.M.S. which provided that: "All interest received by executors or administrators on debts due to the deceased shall be assets in their hands; and if they lend the money of the deceased, or use it for their own private purposes, they shall pay interest thereon to the estate." And Section 465.080 RSMo 1949, V.A.M.S., which provided that: "The court shall, at each settlement, exercise an equitable control in making executors and administrators account for interest received by them on debts due the estate, and for interest accruing on money belonging to the estate, loaned or otherwise employed by them; and for that purpose may take testimony or examine the executor or administrator on oath." And see Sec. 473.550 RSMo 1959, V.A.M.S. Prior revisions of these statutes have long been in effect in this state.

It is well settled that *where an executor uses trust funds for his own private purposes* the mentioned statutes require him to pay interest thereon. Enright v. Sedalia Trust Co., 323 Mo. 1043, 20 S.W.

2d 517, 522 [5–12]; G. A. Buder et al. v. Fiske, Cir.Ct. of Apps., 8th Cir., 174 F.2d 260, 275 [24, 25]; Wolfort v. Reilly, 133 Mo. 463, 34 S.W. 847. As early as the case of Cruce v. Cruce, 81 Mo. 676, 683, it was stated that "our probate courts would seem to be possessed with the power of courts of equity on the subject of interest."

The circuit court held, as stated, that Oscar E. Buder, Executor d. b. n. of the Estate of Sophie Franz, deceased, was not entitled to recover any interest from the Estate of G. A. Buder, deceased, although appellant claimed interest on numerous items appearing in the various annual settlements and in the final settlement. The matter of interest was considered by the circuit court in ruling Case No. 18,675–E (the executor d. b. n.'s appeal from the order of the probate court dismissing the objections and exceptions), and also in ruling the appeal of G. A. Buder, Jr., Executor of the Estate of G. A. Franz, deceased, in Case No. 17,569–E. In ruling these cases the circuit court reviewed many facts shown by this record, in addition to those heretofore stated, and some of these facts appear in the court's findings with reference to Case No. 18,675–E (in the exceptions and objections), as follows:

"In July, 1953, the Federal Court proceedings were settled. Concurrently, in the summer of 1953, other unsettled matters of the estate were disposed of, and the final settlement of G. A. Buder, executor, was prepared based on an examination of the records of the estate by Peat, Marwick, Mitchell & Company, certified public accountants. Legatees of said estate, including those who theretofore had questioned the actions of the executor, were consulted along with their counsel during the preparation of the final settlement. Messrs. Friday and Doerner, attorneys for legatees who were entitled to six-ninths of the estate, raised one specific objection to the preliminary draft of the final settlement regarding an item of commission taken by the executor as shown by his third settlement. The final settlement was revised in accord with their request and the estate enhanced thereby. Notice of final settlement was duly published. The final settlement was filed in the Probate Court on October 6, 1953, after having been submitted to the legatees for their examination and suggestions. No objections were made thereto. Various legatees and their counsel wrote letters to counsel for the executor specifically approving the final settlement. G. A. Buder made his final accounting to the legatees more than six (6) months prior to the appointment of the executor d. b. n.

"On December 26, 1953, distribution was ordered by the Probate Court in accordance with the memorandum for distribution and supplemental memorandum for distribution. No exceptions were filed by any legatees. No appeal was taken by any legatees from said order of distribution. The time for appeal from said order of distribution has expired.

"Distribution was made in accordance with the order and eight-ninths (8/9ths) of the legatees gave final receipts stating that the bequests to them had been fully satisfied.

"The remaining one-ninth (1/9th) interest was the share of G. A. Franz which became involved in litigation in the case of G. A. Buder v. Orval C. Sutter, administrator of the Estate of G. A. Franz, deceased, No. 201953, in the Circuit Court of St. Louis County, filed on January 8, 1954. The opinion of the Supreme Court of Missouri on the appeal in said cause, Buder v. Walsh, Mo., 314 S.W.2d 739, 748, the petition in said cause and the judgment and decree therein reveal that the representatives of the G. A. Franz Estate recommended to the Court that their estate accept the amount shown due G. A. Franz by the order of distribution. The Supreme Court ordered judgment entered in accordance with this suggestion of the representatives of the G. A. Franz Estate and the trial court entered its judgment and decree accordingly."

In disposing of the appeal of G. A. Buder, Jr., executor of the Estate of G. A. Buder,

deceased, from the probate court's surcharge of interest and commissions, the circuit court made additional findings of fact as shown by the record in Case No. 17,569–E, as follows:

"1. Per its order of October 23, 1958, the Probate Court on its own motion surcharged G. A. Buder, executor, $6,379.15 on the stated ground that G. A. Buder, executor, failed to distribute the share of G. A. Franz in accordance with the order of distribution entered by said court on December 26, 1953. Said surcharge in effect deprives G. A. Buder of his commission on the distributable share of G. A. Franz. The estate of G. A. Buder duly filed objections to said surcharge order which were overruled by the Probate Court. On November 21, 1958, G. A. Buder, Jr., executor of the Estate of G. A. Buder, deceased, took this appeal, No. 17,569–E, from the surcharge order and the order overruling the exception thereto.

"2. The Court finds that the share of G. A. Franz was distributed by G. A. Buder, executor. Upon the entry of the order of distribution in the estate of Sophie Franz, G. A. Buder became the personal debtor of each distributee and was liable as an individual for its payment. G. A. Buder was then entitled to apply the distributive share of G. A. Franz to any debt due him from G. A. Franz. G. A. Buder as an individual, in January, 1954, brought suit against the Estate of G. A. Franz to offset the alleged debt due him from the Estate of G. A. Franz against the assets held by him which belonged to said estate. Insofar as there was any issue as to whether G. A. Buder continued to hold the distributive share of G. A. Franz as executor of the Estate of Sophie Franz, it was decided in the negative by our Supreme Court. Notwithstanding G. A. Buder had died prior to the decision of the Supreme Court, the executor of the Estate of G. A. Buder was ordered to pay over to the G. A. Franz Estate that portion of its distributive share in the Sophie Franz Estate remaining after the set-off of the items found to be due and owing to G. A. Buder. This order was entered despite the fact that the executor d. b. n. of the Estate of Sophie Franz appeared as amicus curiae in said case and protested that he was the only person authorized to pay over such sums to the Estate of G. A. Franz. Buder v. Walsh, 314 S.W.2d, l. c. 748. * * *

"Pursuant to the aforementioned judgment and decree, G. A. Buder, Jr., executor of the Estate of G. A. Buder, made actual delivery of the assets in his hands directly to Edward A. Walsh, administrator d. b. n. of the Estate of G. A. Franz, who receipted therefor. The distribution of the G. A. Franz interest having been made by G. A. Buder and his representatives, G. A. Buder is entitled to commissions thereon. * * *

"This Court finds, on the evidence, that G. A. Buder, as executor, was not liable for such interest [on the $124,914.70] to the Estate of Sophie Franz.

"The Court finds that the legatees waived any right to interest. The litigation brought in 1943 in the Probate Court by the legatees against G. A. Buder, as executor, included a claim for interest covering, among other things, this specific item (plaintiff's exhibit 16, Sections II(E) and II(F)). The legatees dismissed this petition without prejudice. Said petition was never revived, nor was any other such petition filed. Additional findings re waiver are dealt with previously herein. The legatees reviewed the Final Settlement. The settlement, as finally arrived at, included, among other things, a compromise on commissions to G. A. Buder. It was agreed with counsel that the executor would claim no commissions on the sum of $290,000.00, to-wit, $14,500.00. Consequently, commissions as finally arrived at were reduced by said amount. With all of their previous knowledge and previous claims, the legatees raised no question of interest."

The record before us shows that the surcharge of interest by the probate court in the sum of $25,724.07 was based upon an

item of $124,914.70 appearing in the 14th, 15th and 16th annual settlements filed by G. A. Buder, executor, "as loans of G. A. Franz." The item was objected to by the attorneys representing certain heirs and legatees, as appears from Exhibit No. 16 and, in the settlement of that controversy, G. A. Buder, executor, by checks drawn on his personal account in April, 1943 paid the amount of that item into the Estate of Sophie Franz, deceased. On this item the probate court surcharged the executor interest at 6% per annum from November 1, 1939, to the date the amount of the item was paid into the estate. Plaintiff's Exhibit No. 16, p. 5. The probate court, as stated, also disallowed the payment of *commissions to the executor* in the sum of $6,379.15 on the theory that the executor had not completed distribution of certain assets of the estate to the G. A. Franz Estate in accordance with the court's order of December 26, 1953. On appeal to the circuit court, that court found, on January 12, 1962, as hereinbefore stated, that distribution had been made by the deceased executor's estate and the commissions were earned and due; and that on the facts shown, no interest was due the Estate of Sophie Franz, deceased.

In this court both appellant and respondent claim the distribution of the one-ninth share to the G. A. Franz Estate. This results from the probate court's order of October 23, 1958, as follows: "The Court further orders and directs Executor d. b. n. *to cooperate and assist in effecting immediate distribution and transfer of the one-ninth distributive share of G. A. Franz, above referred to,* to Edward A. Walsh, Administrator, c. t. a., d. b. n. of the ancillary estate of G. A. Franz, in accordance with the order of distribution of this Court of December 26, 1953, and the order of Division No. 3 of the Circuit Court of St. Louis County, Cause No. 201953—entered September 22, 1958." (Italics ours.) While the executor d. b. n. appealed from this order he, nevertheless, cooperated in the distribution of the mentioned assets (the 1/9th distributive share of G. A. Franz).

As stated above, the circuit court held that G. A. Buder's Estate made the distribution and that it was entitled to the commissions. The evidence in the record fully supports the circuit court's finding and the ruling should be and is affirmed. Further, since it appears that the payment of $124,914.70 by G. A. Buder, personally, was made in compromise and settlement of the disputed items appearing in the annual settlements and the true facts are not shown *by this record,* we *think the trial court* properly denied any recovery of interest as allowed by the probate court on its own motion.

We have seen that the matter of interest was not specifically raised by the pleading in Case No. 16,900-E (that is in the motion to account), except as to interest on the item of $45,886, and we find nothing in the record to show that that issue was expressly tried in or ruled by the probate court. The judgment entered in the probate court on October 23, 1958, in this case calls attention to the fact that the matter of interest was "not raised in particularity in pleading," but that certain facts were developed in the hearing as to the $124,914.70 item appearing in the 14th, 15th and 16th settlements. On the theory of "superintending control," and on "its own motion," the probate court made the surcharge of $25,724.07 for interest. This is part of the interest that the circuit court held was waived.

The judgment entered in this case (No. 16,900-E, the appeal by Oscar E. Buder, executor d. b. n. from the order denying the "motion to account" and approving the settlement as surcharged) in the circuit court fails to state that any question of interest was presented, tried or ruled in the circuit court in the case, except as stated. The judgment entered in the circuit court expressly holds that four of the issues expressly raised in the pleadings in the probate court were abandoned in the circuit court, hence there is no judgment on the merits with reference to the four abandoned claims.

The circuit court's judgment in Case No. 18,675-E based upon the abandoned exceptions and objections recites that the executor d. b. n. "briefed a claim for interest" in that case. This judgment also recites that the circuit court had no jurisdiction of this case on appeal, because the appeal was taken after the judgment in Case No. 16,900-E had been appealed from the probate court to the circuit court and after the probate court had lost jurisdiction of issues raised with reference to the final settlement of October 6, 1953. Further, this is the case that was based on the exceptions and objections filed to the final settlement and it is the case in which appellant's counsel had previously stated to the circuit court that he was not going to try that case de novo, or offer any evidence in support of the exceptions or objections stated therein. In this case, as hereinbefore stated, the circuit court found that no interest was due the estate.

The burden of proof rested upon appellant to show that the same issues as to interest were presented to and ruled upon both by the probate court and circuit court in order for this court to have jurisdiction on appeal to rule the same issues. The appellant has not sustained that burden.

Further, the record shows that the "Special Audit and Report of the Accounting of G. A. Buder, Executor of the Estate of Sophie Franz, Deceased," as prepared by L. Ray Schuessler, upon which audit appellant relied in the circuit court to sustain appellant's present claim for interest *had not been prepared and was not in existence when the probate court heard the cause and entered its judgment* in Case No. 16,900-E approving the final settlement as surcharged and otherwise denying the motion to account, nor was the evidence offered by appellant sufficient to satisfactorily establish that the same issues as to interest were presented to the probate court, the circuit court and this court.

Appellant's witness L. Ray Schuessler, the Certified Public Accountant who prepared appellant's Exhibit 20, testified that he had not testified in the probate court; that plaintiff's exhibit 20 is a special report dated April 25, 1960; that it was completed just two months before he testified in the circuit court; and that this report was not in existence at the time of the probate court proceedings. He was familiar with the fact that his son testified in the probate court but his son did not testify with reference to any such report because he didn't have this report. He did not know what his son testified to because he had not gone over with him in detail what was done.

We have seen that appellant's claim to interest is based upon the assumption that the former executor had in his possession and control certain monies of the estate which were used for his personal benefit. In this connection appellant's claim for interest at 6% per annum on $45,886 from August 14, 1930, to date is based upon two items appearing on the first page of the final settlement of October 6, 1953, this upon the theory, as heretofore stated, that the deceased executor had received $21,069.11 and $34,879.76 in money in 1930 and had had the personal use of these funds from that date forward. It has been noted that appellant's claim with reference to plaintiff's Exhibit 20(A) is that the audit reconstructs the final settlement *in terms of money actually received by G. A. Buder, as executor, and deposited in the executor's bank account;* and that the said exhibit eliminated the alleged receipt from the Trustees G. A. Franz and G. A. Buder of the item of $55,948.87 appearing on the first page of the final settlement.

In the trial de novo before the circuit court the appellant did not offer substantial evidence to satisfy a trier of the facts that the items of $21,069.11 and $34,879.76 ever came into the personal control of the deceased executor as money or that he appropriated said items or comingled said funds with his own. It is true that these two items were listed in his final settlement as representing balances due

from Buder & Buder or G. A. Franz and G. A. Buder, Trustees, as shown by the August 14, 1930 audit of Cornell & Company. The final settlement merely recites that these items were not included in the inventory and that they represent items as per Cornell & Company's report. In his final settlement G. A. Buder, as Executor of the Sophie Franz Estate, for the first time charged himself with these items. We have seen that appellant offered evidence that these items were never deposited in either of G. A. Buder's two accounts as executor and that they were never deposited in the account of Buder & Buder, and we find no satisfactory evidence in the record that said executor ever had the sums indicated in his personal possession or control as either money or credits. We find no satisfactory evidence to show that this $55,948.87 was ever either received by G. A. Buder, in his representative capacity as Executor of the Sophie Franz Estate, or that the funds had reached him or were available to him in 1930, or later, or at the time the final settlement was filed. The item of $10,062.87 indicated, as shown by Cornell & Company's Report dated June 22, 1931, was never an asset of the Estate of Sophie Franz, deceased. We, therefore, find no basis in the record to support appellant's claim that the court erred in not charging the deceased executor's account with interest from August 14, 1930, on the net sum of $45,886. As far as the record shows the net sum of $45,886 was for the first time charged against the executor on the basis of the audit by Peat, Marwick, Mitchell & Company, and since there was no evidence that said executor had ever had in his possession the amount in money evidenced thereby or that he could have appropriated it to his personal use or could have co-mingled it with his own funds, he was not chargeable with interest thereon. Therefore, the circuit court did not err in refusing to surcharge the executor with interest, as aforesaid, nor did it err in allowing the item of $10,062.87 as a deduction, because absent satisfactory proof that $55,948.87 in money or credits came into the executor's possession there could be no error in allowing the deduction of $10,062.87 as shown by the final settlement.

Further, this item of $10,062.87 is not mentioned in appellant's motion to account as filed in the probate court on May 27, 1954. While part of said motion is expressly directed to the "purported final settlement" filed on October 6, 1953, the matter in question is not specifically raised therein and there is nothing in the record to show that this issue was raised, considered or passed on by the probate court, hence the circuit court had no jurisdiction to consider this issue, nor does this court.

Appellant further contends that the circuit court erred in its findings of facts and conclusions of law and in holding that the executor, G. A. Buder, properly took credit for $17,204.98 taxes. The same conditions exist in the record with reference to this assignment as existed with reference to the allowance of the item of $10,062.87 as a credit. The record, therefore, fails to show that this issue was presented to and ruled upon by the probate court in Case No. 16,900–E. Accordingly it must be overruled for the same reason as above.

Complaint as to the credit allowed for this and other items first appears in Cause No. 18,675–E among the "objections and exceptions" filed to the approval by the probate court of the final settlement of October 6, 1953. These objections and exceptions were set out in Exhibit A, filed on October 31, 1958. They were considered and overruled on November 14, 1958, subsequent to the probate court's order of October 23, 1958, approving the settlement, as surcharged, and denying the motion to account. The probate court overruled the exceptions after an appeal had been granted on October 31, 1958, from the order approving the settlement and denying the motion to account. In any event, these items were only considered by the probate court after an appeal had been allowed in Case No. 16,900–E. We think the probate

court at that time lacked jurisdiction to rule the issues raised by the objections and exceptions filed on October 31, 1958. In any event, later, and prior to the de novo trial in the circuit court appellant expressly waived and abandoned his objections and exceptions in Case No. 18,675–E.

Since the record fails to show that the probate court had jurisdiction to rule as to these matters (objections and exceptions) when the orders were made and since the objections and exceptions in Case No. 18,675–E were *expressly abandoned in the circuit court,* the circuit court properly held that it had no jurisdiction to rule these matters and they are not before us on this appeal.

Appellant further contends that the court erred in its finding that the appeal in Case No. 16,900–E fails to raise any issues upon which relief can be granted respecting the purported final settlement, as questioned by the motion of the executor d. b. n.; and in holding that the executor d. b. n. had abandoned certain claims. Appellant insists that the issues were raised in respect to the motion to account *and not in respect to the unapproved final settlement;* that the approval of the settlement was not binding on the successor executor d. b. n.; and that no claims have been abandoned.

The probate court's order with reference to Case No. 16,900–E, dated October 23, 1958, shows that the final settlement of G. A. Buder, executor, dated October 6, 1953, was considered with the motion to account of Oscar E. Buder, executor d. b. n., "challenging same" and that the probate court approved the final settlement as surcharged in the sum of $32,103.22. The circuit court's order, in Case No. 16,900–E, as hereinbefore stated, expressly states that four of the five issues raised in the motion to account were abandoned in the circuit court and the fifth issue, as we have seen, was affirmed on appeal as ruled by the probate court in Case No. 15,752–E. The reason for the circuit court's finding that "this appeal fails to raise any issue on which relief can be granted" appears from the last paragraph of the judgment with reference thereto. After holding that four of the five matters stated therein had been abandoned, the court ruled the 5th, as follows: "Oscar Buder, as executor, has no right of appeal from the order of the Probate Court dismissing the appeal of Oscar Buder as creditor for the payment of the judgment of $52,686.87. The executor d. b. n. is not aggrieved by this order. This Court [circuit court] has no jurisdiction of said appeal." Substantially the same order with reference to Oscar E. Buder's personal claim was entered by the circuit court on the appeal of Oscar E. Buder's personal appeal in Case No. 15,752–E.

Appellant further contends that *no valid order of distribution was entered on December 26, 1953,* because the final settlement had not been approved, a judgment debt had not been paid, all assets and interest had not been collected or accounted for, the estate had not been fully administered, and the heirs and legatees could not file exceptions on appeal. From a careful review of allegations of the "motion to account", as filed by appellant in the probate court on May 27, 1954, no issue was presented as to *the validity of the order of distribution of December 26, 1953.* The motion to account refers to the order of distribution as a partial order of distribution, but does not attack its validity. The final order of distribution was questioned in the objections and exceptions filed on October 31, 1958 in Case No. 18,675–E, but those objections and exceptions were overruled November 14, 1958 and the appeal in that case was abandoned. In the opening of the trial de novo in the circuit court appellant's counsel expressly stated that he was not trying these objections and exceptions and would offer no evidence "under 18,675–E." Since no such issue was presented to or ruled by the probate court, while it had jurisdiction of the matter, if it did, or in the circuit court if it acquired any jurisdiction on appeal, the issue is not before this court at this time.

Appellant further contends that the court erred in its finding of facts and conclusions of law by holding that the executor d. b. n. as representative of the heirs and legatees is estopped from making any claim in their behalf, by reason of consent to the purported final settlement. In view of the conclusions we have reached, we need not determine the issue of estoppel.

Appellant further contends that the circuit court erred in failing to find that executor G. A. Buder *deceived and misled the heirs and legatees by his purported final settlement and affidavit thereto,* because: the heirs did not know and had no records from which they could find out that the executor G. A. Buder owed the Estate of Sophie Franz $82,600.08; that there was no balance due from Buder & Buder; that the $10,062.87 setoff was improper; that the judgment was not being paid; that the taxes had not been paid by executor G. A. Buder; that from 1931 to 1953, the executor owed the Estate of Sophie Franz interest for the personal use of the estate's money.

Again, we do not find that either the probate court, or the circuit court in any one of the four cases consolidated for trial on appeal was ever called upon to decide the issue as to whether the executor, G. A. Buder, deceived and misled the heirs and legatees in the respects mentioned by the filing of the final settlement and affidavit. Since no such issue was presented to or ruled by the probate court or the circuit court, it is not before us at this time.

Appellant further contends that the court erred in failing to find that *no commissions should be allowed the former executor* in connection with the purported final settlement and distribution, *because of the many acts of maladministration committed by said former executor.*

This issue was not expressly raised in the probate court in the motion to account; however, the probate court held that "though not raised in particularity in pleading [sic] of executor d. b. n." the matter of commissions due was developed at the hearing and that the matter was within the superintending control of the probate court and the court disallowed commissions on the distributive share of G. A. Franz. Since both the executor d. b. n. and G. A. Buder, Jr., Executor of the Estate of G. A. Buder, deceased, appealed to the circuit court from the judgment entered in the probate court in Case No. 16,900–E, the issues as to commissions therefore reached the circuit court and this court.

The applicable rule of law as to this assignment as to the right of the executor to any commissions is as follows: "* * * the burden of proof is upon him who brings charges of maladministration to make out a prima facie case, and that the burden of proof is not upon the administrator to exonerate himself from such charges, except that when it is admitted by the administrator or shown that he has received assets, he is bound to produce them or account for them." In re Alexander's Estate, Mo.Sup., 360 S.W.2d 92, 98 [4, 5].

Under this assignment the appellant seeks to recover commissions in the sum of $61,554.06 collected by the former executor. Appellant argues somewhat as follows: "Beginning in the second settlement on January 1, 1931, and continuing until his death in April, 1954, the Executor G. A. Buder was using money of the Estate for his own purposes as shown by comparisons of his executor's bank account." Appellant also insists that "the Executor mingled the money of the Sophie Franz Estate with his own personal funds and the funds of the corpus in the hands of the Trustees."

Other claimed acts of maladministration are the following: "That he [G. A. Buder] sought in his purported Final Settlement to take credit for unallowed and unauthorized credits when he was not the real party in interest"; that "he failed to pay a judgment of $52,686.87 and sought to deprive his former partner of one-half interest in said judgment under the false premise that

Buder & Buder or the former Trustees were indebted to the Estate of Sophie Franz"; and that "he involved the accounting of the assets of the Estate of Sophie Franz with the manipulated accounting on the books of Buder & Buder."

Appellant also insists that certain loans referred to as Becker loans appearing in the third through to the 11th settlements were not, in truth and in fact, loans to Becker but that they were accommodation deeds of trust upon which the money was obtained for and used by the executor G. A. Buder.

Reference is also made to the personal testimony of Oscar E. Buder to the effect that if the commissions were allowed he was personally entitled to one-half of it because the administration of the estate was handled by Buder & Buder.

The record shows that Oscar E. Buder had a personal interest in this litigation to the extent of the joint claim for $52,686.-87 and the accrued interest thereon from July 15, 1953. Further, the circuit court heard the testimony of Oscar E. Buder and heard him testify that the administration of the Sophie Franz Estate "was handled by Buder & Buder"; and that "Buder & Buder were using the funds of the Sophie Franz Estate as though they were their own." He further testified that if the estate was charged with commission he would have a half interest in it; and that he would take it and distribute it to the Franz heirs, but that he didn't think commissions should be paid in view of the manner in which the estate was handled. He later said that G. A. Buder was handling the matter through Buder & Buder, getting funds transferred into other accounts and then taking the funds out so that "we never did have the money in the bank." This testimony was given long after the death of G. A. Buder and, under the circumstances shown by the record, we think the court properly refused to give it credence or to find in conformity to such testimony.

We think the circuit court properly refused to strike the commissions claimed by the prior executor's estate. Under all of the facts shown by the record in this case, we must and do defer to the circuit court's finding in that regard. Other reasons for deference are hereinafter stated.

Appellant has presented numerous other matters which cannot be covered by this opinion, already too long. However, they have been examined and they are ruled adversely to appellant.

It will be noted that many matters here involved go back to August 14, 1930, and appear in subsequent settlements or in the settlement filed October 6, 1953. Some of the items on which appellant seeks to recover purport to be taken from the Audit and Report of Cornell & Company of August 14, 1930, and they evidence matters not included in the original inventory filed in the Sophie Franz Estate. In view of the death of G. A. Buder on April 14, 1954, the lapse of time since 1930, the uncertainty as to facts and circumstances surrounding many of the matters in controversy here, and the conflicts in the available oral testimony, it is not surprising that the probate court, on the evidence presented to it, denied the claims of the executor d. b. n. as to these items, or that the circuit court on January 12, 1962, after trial de novo, approved the settlement in question, as filed. The absolute inability of this court at this time to determine the true facts well requires that such ancient matters remain undisturbed. It is not necessary to apply the rules as to waiver, estoppel or laches. It is sufficient to say that the court is not satisfied with the evidence now relied upon to reverse or revise the judgment of the circuit court as entered in the consolidated case.

Plaintiff-appellant's case to a large extent rests upon the testimony of L. Ray Schuessler and Oscar E. Buder in connection with many exhibits. Mr. Schuessler had prepared the mentioned "Special Audit and Report on the Accounting of G. A. Buder,

as Executor of the Estate of Sophie Franz, deceased," and his testimony, as stated, tended to support his findings and conclusions. We have seen that this audit "reconstructs the final settlement in terms of *money* actually received by G. A. Buder and *deposited* in the Executor's bank account or with the Custodian Mutual Bank & Trust Company, and *money actually disbursed by him out of those bank accounts.*" (Italics ours.) We have seen that this audit was not in existence when the cause was tried in the probate court and that Mr. Schuessler did not testify when the cause was tried in that court. What issues were actually tried in the probate court cannot now be definitely determined. Further, it appears that the circuit judge who saw, heard and considered the testimony of Mr. Schuessler and Mr. Oscar E. Buder and the other witnesses, and who was advised in detail as to the basis and theory used in the preparation of the audit, rejected both the audit and the testimony in support of it.

We have carefully gone over the entire transcript of the testimony in this cause as heard in the circuit court and have examined the numerous exhibits filed and issues presented. We have also carefully considered the briefs and authorities cited. We think that, in view of the lapse of time, the death of G. A. Buder and the inability of witnesses to definitely state the detailed facts in connection with the documentary evidence, we have reached the conclusion that the judgment of the circuit court should be approved. Supreme Court Rule 73.01(d). The cold record facts and numerous exhibits unaccompanied by the detailed and trust-worthy testimony of witnesses supporting same are not controlling or convincing in this court. It is impossible at this time to determine the true facts and circumstances as they existed from time to time in the course of the administration of this estate in respect to the matters in issue. We must, therefore, defer to the findings of the trial court.

Issues not expressly ruled herein are found in conformity to the judgment entered.

The judgment of the circuit court is affirmed.

All concur.